**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **IRA C. TODD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 3:08-cv-123-MEF-TFM** |
| | ) | |
| **NURSE STEWART, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' SPECIAL REPORT AND ANSWER**

COME NOW Nurse Linda Stewart, Lee County, Alabama Sheriff Jay Jones, and Lee County, Alabama Sheriff's Officers Major Cary Torbert, Captain Corey Welch, and Lieutenant Timothy Jones, Defendants in the above-styled cause, and submit this Special Report and Answer to the Court as follows:

**I.    INTRODUCTION**

The Plaintiff in this action, Ira C. Todd, filed his Complaint in the United States District Court for the Middle District of Alabama on February 20, 2008. This Court, on February 22, 2008, ordered the Defendants to respond to the Plaintiff's Complaint by filing a special report.

Pursuant to the above-referenced Order, Defendants have undertaken to set out below the facts and circumstances affecting the Plaintiff's claims. In addition, they have considered whether any action should be taken to resolve the subject matter of this Complaint, and determined that they have previously taken all appropriate actions toward the Plaintiff. Last, the Defendants know of no other similar complaints pending in this or any other court which should be considered together with this action.

The Plaintiff in this action, Ira C. Todd, has been incarcerated in the Lee County Detention Center on a number of occasions. He was, on June 20, 2007, sentenced through the

City of Opelika to serve 180 days in the Detention Center for Theft of Property in the Third Degree. On July 13, 2007, he was sentenced through the City of Auburn to serve 180 days in the Lee County Detention Center for Theft of Property in the Third Degree. On October 2, 2007, he was incarcerated in the Lee County Detention Center after being charged with Theft of Property in the Third Degree and Possession of Drug Paraphernalia. On October 10, 2007, he was sentenced through the City of Opelika to 90 days in the Lee County Detention Center for Theft of Property in the Third Degree. On October 30, 2007, he was arrested while in the Lee County Detention Center for failing to appear on a Reckless Endangerment charge. On February 21, 2008, Mr. Todd was convicted of Third Degree Escape by the Circuit Court for Lee County, Alabama and sentenced to serve two years in the custody of the State of Alabama Department of Corrections. (See Exhibit 1, Alabama Uniform Arrest Reports for Ira Casey Todd; Exhibit 2, Lee County Sheriff's Office Inmate Booking Sheets for Ira C. Todd; Exhibit 3, Inmate Charge Sheet for Ira C. Todd dated October 3, 2007; Exhibit 4, Lee County Sheriff's Office Inmate Charge Sheet for Ira C. Todd dated November 15, 2007; Exhibit 5, Committal to Custody Form in the matter of the City of Opelika vs. Ira Todd dated June 20, 2007; Exhibit 6, Committal to Custody Form in the matter of the City of Auburn vs. Ira Todd dated July 13, 2007; Exhibit 7, Committal to Custody Form in the matter of City of Opelika vs. Ira Todd dated October 10, 2007; Exhibit 8, Order of Release from Jail regarding Ira Casey Todd dated October 30, 2007; Exhibit 9, Committal to Custody Form in the matter of State of Alabama vs. Ira Casey Todd dated February 21, 2008.)

## II.    PLAINTIFF'S ALLEGATION

The Plaintiff's sole allegation in this matter is that he has not been given proper dental treatment during the times he has been incarcerated in the Lee County, Alabama Detention Facility.

III.     **DEFENDANTS' RESPONSE TO THE PLAINTIFF'S ALLEGATION**

The Defendants in this matter, Nurse Linda Stewart, Sheriff Jay Jones, Major Cary Torbert, Capt. Corey Welch, and Lt. Timothy Jones, all of the Lee County, Alabama Sheriff's Office, deny each and every allegation made against them by the Plaintiff as untrue, and completely without basis either in law or fact. In addition, the Defendants claim as affirmative defenses absolute and qualified immunity.

IV.     **FACTS**

A.     **POLICIES AND PROCEDURES**

The Lee County, Alabama Sheriff's Office operates the Lee County Detention Center according to a written manual of policies and procedures. All members of the Detention Center staff are required to be familiar with the policies and procedures governing the operation of the Detention Center and to follow these policies and procedures as they carry out their duties. (See Affidavit of Jay Jones, Sheriff of Lee County, Alabama; Affidavit of Major Cary Torbert, Chief Deputy Sheriff for Lee County, Alabama and Administrator of the Lee County, Alabama Detention Center.)

All members of the Lee County Sheriff's Office who work at the Lee County Detention Center are required to receive formal classroom training on all aspects of the operation of the Detention Center. In addition to formal training, all members of the Detention Center staff receive on-the-job training in all aspects of jail operations. (See Affidavit of Major Cary Torbert.)

It is the policy of the Lee County Sheriff's Office that inmates confined to the Lee County Detention Center be entitled to the level of health care comparable to that available to citizens in the surrounding community in order to ensure their physical and emotional well-being. All medical care given to inmates in the Detention Center is delivered under the direction

of a licensed health care practitioner.  Members of the Detention Center staff are prohibited from ever summarily or arbitrarily denying an inmate's reasonable request for medical services. Medical, dental, and mental health matters requiring clinical judgment are the sole providence of a responsible physician, dentist, or psychiatrist or qualified psychologist, respectively.  Inmates are also guaranteed access to any diagnostic, laboratory, or other treatment services, as directed by the responsible health care authority.  (See Affidavit of Major Torbert; and Exhibit 10, Lee County Sheriff's Office Policy and Procedure Manual for the operation of the Lee County Detention Center, Section 11 "Health Care Services," Title 11.02 "Medical Program Objectives.")

It is the policy of the Lee County Sheriff's Office that health appraisal data for each inmate be collected in order to promptly classify inmates, promote awareness of and respond to, their medical conditions, and maintain adequate records of each inmate's health status.  Booking officers are charged with the responsibility of conducting a health screening during the booking process and completing a health screening for each inmate.  After completion, this form is signed by the inmate and placed in his or her inmate file.  (See Affidavit of Major Cary Torbert; and Defendants' Exhibit 10, Title 11.03 "Health Appraisal of Inmates.")

It is the policy of the Lee County Sheriff's Office to allow inmates incarcerated in the Lee County Detention Center to request health care services at any time.  Inmates may make a verbal request for any type of emergency services to any member of the Detention Center staff at any time.  An inmate in need of any type of service or attention that is not an emergency may complete an inmate request form, in writing, and forward it to any member of the Detention Center staff.  Requests for medical treatment are accepted by members of the Detention Center staff at any time.  (See Affidavit of Major Cary Torbert; and Defendants' Exhibit 10, Title 11.04 "Inmate Requests for Health Care Services.")

4

When a request for medical treatment is made to a member of the Detention Center staff, the staff member receiving the request will pass that request on to the shift supervisor, or the jail nurse. It is the shift supervisor's responsibility to ensure that the inmate's request is passed on to the jail nurse in a prompt and proper manner. Any doubt as to whether an actual need exists for medical treatment shall be resolved in favor of the inmate, and medical treatment will be offered. (See Affidavit of Major Cary Torbert; and Defendants' Exhibit 10, Title 11.04 "Inmate Requests for Health Care Services.")

It is the policy of the Lee County Sheriff's Office that licensed health care practitioners be employed to render health care services to inmates at the Lee County Detention Center. On site or on-call nurses are to work under the direction of a licensed physician to assess and treat inmates within the facility or to refer inmates outside the facility for medical, dental, or mental health care. Responses to requests for medical care made by any health care authority will be summarized, in writing on the request form, and made a part of the inmate's medical file. Any other records, notes, treatment plans, or other documents generated regarding health care services rendered to inmates will similarly be made a part of the inmate's file. (See Affidavit of Major Cary Torbert.)

It is the policy of the Lee County Sheriff's Office that, inasmuch as dental health care directly affects an individual's total health and medical status, inmates at the Lee County Detention Center receive the dental health care deemed necessary by the facility physician, under the direction of a dentist licensed to practice in the State of Alabama. Dental care is available to inmates on a "first come first serve" basis. Inmates may, at any time, ask to be placed on the "dentist list" for non-emergency dental care. As the dentist serving the Lee County Detention Center is able to see inmates, a number of persons are taken from the top of the list, as dictated by the dentist. Inmates signing up for a second or third trip to the dentist must work their way up

from the bottom of the list, as if it were their first request, unless the dentist has ordered otherwise.  (See Affidavit of Major Cary Torbert; Affidavit of Linda Stewart, R.N., C.C.H.P.; and Defendants' Exhibit 10, Title 11.11 "Dental Care.")

All persons in the Lee County Detention Center who display an emergency dental situation such as abscesses, swelling, or other similar conditions are seen by the jail's medical staff, including nurses and a licensed physician.  Proper courses of treatment are prescribed for such situations, and persons suffering from such conditions are transported to a dentist at the next available time.  If a situation is a true emergency, or does not resolve itself, an emergency dentist visit may be scheduled.  (See Affidavit of Major Cary Torbert; Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 10, Title 11.11 "Dental Care.")

All dental health matters, like other health matters involving clinical judgment, are the sole province of the responsible physician and dentist.  No member of the Lee County Detention Center staff substitutes his or her judgment, in any way, for that of licensed health care practitioners with regard to rendering dental care to inmates in the Lee County Detention Center. (See Affidavit of Major Cary Torbert.)

It is the policy of the Lee County Sheriff's Office that persons be issued a toothbrush and toothpaste when booked into the Lee County Detention Center, in order to maintain their dental hygiene.  In addition, for common dental problems encountered during incarceration, inmates may be given products such as Orajel, or over-the-counter pain removers by members of the jail staff to alleviate pain or other problems.  (See Affidavit of Nurse Linda Stewart.)

It is the policy of the Lee County Sheriff's Office that, anytime an inmate incarcerated in the Lee County Detention Center receives medical treatment from a health care provider, a record be made of the rendering of treatment, along with any other pertinent information, and

that this record be placed in the inmate's Detention Center file.  (See Affidavit of Major Cary Torbert; and Defendants' Exhibit 10, Title 11.13 "Medical Records.")

It is the policy of the Lee County Sheriff's Office that members of the Lee County Detention Center staff receive and answer any written grievances or requests made by inmates to the Sheriff, Chief Deputy, or Detention Center personnel.  All grievances are routed to the Chief Deputy Sheriff and, if necessary, forwarded by him or her to the proper authority.  Inmates in the Detention Center are furnished inmate request forms for the purpose of stating their requests or grievances in writing.  Any staff member receiving an inmate grievance should sign and date the grievance, and, if possible, address it with the inmate.  If unable to do so, the person receiving such a grievance should forward it to the Chief Deputy for further action.  (See Affidavit of Major Cary Torbert; and Defendants' Exhibit 11, Lee County Sheriff's Office Policy and Procedure Manual for the Operation of the Lee County Detention Center Section 14 "Inmate Rights," Title 14.04 "Inmate Requests and Grievances.")

It is the policy of the Lee County Sheriff's Office that all persons responding to inmate grievances must write their response on an inmate request form, giving findings regarding approval or disapproval of a complaint, then sign and date their response, return a copy to the inmate, and place a copy in the inmate's jail file.  This should be accomplished within 72 hours of the time a grievance is received, excluding weekends and holidays.  No negative action may be taken against inmate for the filing of a grievance.  (See Affidavit of Major Cary Torbert; and Defendants' Exhibit 11, Title 14.04 "Inmate Requests and Grievances.")

**B.    FACTS SPECIFIC TO THE PLAINTIFF**

Plaintiff in this action, Ira C. Todd, has, as noted above, been incarcerated in the Lee County Detention Center on a number of occasions.  Beginning as far back as June, 2006, Inmate Todd has been making requests to the medical staff at the Lee County Detention Center to visit a

dentist in order to have teeth pulled.  He has, on occasion, publicly stated his intent to have all his teeth pulled while incarcerated so that he could obtain dentures at some future point.  (See Affidavit of Nurse Linda Stewart.)

Medical decisions regarding inmates in the Lee County Detention Center are made, not by members of the jail staff, but by licensed health care practitioners.  Currently, the jail employs nurses who are either available at the jail or on-call to assess and treat inmates under the direction of a licensed medical doctor.  (See Affidavit of Major Cary Torbert.)

A Defendant in this case, Linda Stewart, is a registered nurse who is also a certified correctional health care practitioner.  She, along with her nursing colleagues, works under the direction of Dr. John McFarland, a physician licensed to practice in the State of Alabama.  (See Affidavit of Nurse Linda Stewart.)

On a given day, approximately 400 persons are incarcerated in the Lee County Detention Center.  Of that number, about three quarters have some type of dental issue due to drug or alcohol abuse or general neglect.  Members of the jail's medical staff frequently give Orajel or Tylenol type products to these persons in order alleviate minor dental pain.  (See Affidavit of Nurse Linda Stewart.)

Persons in the Lee County Detention Center wishing to see a dentist for any type of dental problem must submit a request to be placed on the "dentist list."  This list operates on a first come first serve basis.  (See Affidavit of Nurse Linda Stewart.)

Dental services for the Lee County Detention Center are currently rendered by the Auburn Dental Group.  This group of dentists schedules five or ten inmates for treatment once or twice a month.  This, generally, takes care of all non-emergency dental situations.  (See Affidavit of Nurse Stewart.)

Emergency dental situations, such as abscesses, infections, swelling, or other out of the ordinary circumstances are dealt with by the Detention Center physician, Dr. John McFarland. Treatment for these conditions, such as antibiotics, may be rendered at the Detention Center, and the inmate taken to the dentist at a regularly scheduled time. Other emergencies may cause the medical staff to schedule a trip to the dentist immediately. In either circumstance, if the situation demands, a person may be moved to the top of the dentist list, at the discretion of Dr. McFarland. (See Affidavit of Nurse Linda Stewart.)

After an inmate has been to the dentist, and received non-emergency care, he may, again, request to see the dentist. However, as with his first request, he is placed at the bottom of the list, and must work his way to the top. The same is true for a third or fourth request to see the dentist. (See Affidavit of Nurse Linda Stewart.)

At any time orders are given by a dentist to have an inmate return for additional treatment at a particular time, those orders are followed. (See Affidavit of Nurse Linda Stewart.)

With regard to the Plaintiff in this matter, Ira C. Todd, it was obvious to members of the jail's medical staff that he had failed, for a number of years, if not his entire life, to take care of his teeth. Most were at some state of decay when he arrived at the Detention Center. A medical screening form completed on October 3, 2007, at the time Inmate Todd was booked into the Lee County Detention Center, specifically notes that he was having problems or pain with his teeth. (See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 12, Lee County Sheriff's Office Medical Screening Form dated October 3, 2007.)

Although the Plaintiff, apparently, ignores his dental needs while he is not incarcerated in the Lee County Detention Center, each time he returns to the Detention Center he makes requests for dental care. These requests, and responses made by the staff of the Lee County Detention Center, are as follows:

**Date:** June 16, 2006
**Request:** "I need to have a tooth pulled for now I need something for pain."
**Response:** (Same day)  Tylenol and oragel [sic] given and Plaintiff placed on dentist list.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 12A, Lee County Detention Center Inmate Request Slip dated June 16, 2006.)

**Date:** June 17, 2006
**Request:** "I need a tooth pulled now I something for pain."
**Response:** (Same day)  Plaintiff given Tylenol and placed on dentist list.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 13, Lee County Detention Center Inmate Request Slip dated June 17, 2006.)

**Date:** June 23, 2006
**Request:** "I need some orel jel."
**Response:** (Same day)  Plaintiff given two packs of Orajel.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 14, Lee County Detention Center Inmate Request Slip dated June 23, 2006.)

**Date:** June 26, 2006
**Request:** "I need some thing for pain and orel gel."
**Response:** (June 27, 2006)  Tylenol and Orajel given by Nurse Griffith

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 15, Lee County Detention Center Inmate Request Slip dated June 26, 2006.)

**Date:** July 8, 2006
**Request:** "I need some oral gel."
**Response:** (July 9, 2006) Orajel sent to the Plaintiff by Nurse Griffith.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 16, Lee County Detention Center Inmate Request Slip dated July 8, 2006.)

**Date:** January 11, 2007
**Request:** "I have four teeth that's loose and ache very bad. I was put on the list over two months ago to have one pulled and I have not been called yet. I need something for pain now."
**Response:** (Same day) Placed back on dentist list for second time. Plaintiff informed that all persons on dentist list for first time would go before he returned. Orajel was given to the Plaintiff by Nurse Stewart.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 17, Lee County Detention Center Inmate Request Slip dated January 11, 2007.)

**Date:** January 12, 2007
**Request:** "toothache"
**Response:** (Same day) Put on dentist list, Tylenol and Orajel given by Nurse Griffith.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 18, Lee County Detention Center Inmate Request Slip dated January 12, 2007.)

**Date:** January 16, 2007
**Request:** "I need something for pain." (toothache)
**Response:** (Same day) Two 500mg Tylenol tablets given by Nurse Griffith.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 19, Lee County Detention Center Inmate Request Slip dated January 16, 2007.)

**Date:** February 2, 2007
On this date the Plaintiff was taken for a dental exam and extraction of one tooth. The dentist examining Mr. Todd listed his prognosis as good and that no additional treatment was needed. He was given a prescription of Lortab.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 20, Lee County Sheriff's Department Record of Medical Examination Form dated February 2, 2007.)

**Date:**  February 2, 2007
On this date, the Lee County Sheriff's Office filled a prescription at the Medical Arts Pharmacy in Opelika, Alabama for Inmate Todd as directed by the dentist treating him, Dr. C. Arthur Steineker.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 21, Prescription for Ira Todd dated February 2, 2007.)

**Date:**  February 2-4, 2007
The Plaintiff's prescription given to him by the dentist was distributed to him according to the dentist's directions.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 22, Lee County Sheriff's Office Medication Sheet-Administration Record for Ira Todd dated February, 2007.)

**Date:**  February 10, 2007
**Request:**  "I have a tooth need to be pulled"
**Response:** (Same day)  Plaintiff given Orajel by Nurse Stewart.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 23, Lee County Detention Center Inmate Request Slip dated February 10, 2007.)

**Date:**  February 24, 2007
**Request:**  "I need a tooth pulled bad"
**Response:** (February 25, 2007)  Nurse Linda Stewart replied to the Plaintiff that he had seen the dentist on February 2, 2007 and that the dentist had said that no additional treatment was need.  However, she informed the Plaintiff that he would be placed on the dentist list again as a "second round" request.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 24, Lee County Detention Center Inmate Request Slip dated February 24, 2007.)

**Date:**  June 3, 2007
**Request:**  "I need some Oral Jel for a tooth ache."
**Response:**  Orajel given by Nurse Stewart.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 25, Lee County Detention Center Inmate Request Slip dated (in response) June 3, 2007.)

**Date:** June 16, 2007
**Request:** "I need something for a tooth ache. My gum is swelling. Can you please put me on the dentist list to have one pulled please."
**Response:** (June 17, 2007) Plaintiff given Orajel and placed on dentist list by Nurse Stewart.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 26, Lee County Detention Center Inmate Request Slip dated June 16, 2007.)

**Date:** October 12, 2007
**Request:** "I need some tooth pulled as soon as possible."
**Response:** (October 16, 2007) Nurse Fears informed the Plaintiff that he was on the dentist list.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 27, Lee County Detention Center Inmate Request Slip dated October 12, 2007.)

**Date:** October 13, 2007
**Request:** "I need some teeth pulled bad and I need something for pain too please."
**Response:** (October 15, 2007) Plaintiff was given Tylenol and Orajel by Nurse Griffith and informed that he was placed on the dentist list.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 28, Lee County Detention Center Inmate Request Slip dated October 13, 2007.)

**Date:** October 20, 2007
**Request:** "I need something for pain. My mouth hurts."
**Response:** (October 23, 2007) Plaintiff given Tylenol by Nurse Stewart.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 29, Lee County Detention Center Inmate Request Slip dated October 20, 2007.)

**Date:** October 29, 2007
**Request:** "I need something for pain and to have some tooth pulled."
**Response:** (October 30, 2007) Nurse Griffith gave Orajel and Tylenol and informed Plaintiff that he was placed on the dental list.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 30, Lee County Detention Center Inmate Request Slip dated October 29, 2007.)

**Date:**  November 3, 2007
**Request:**  "I still got a bit of pain in my chest and back and also need some thing for my mouth.  My tooth is hurting."[1]
**Response:** (November 5, 2007)  Nurse Stewart saw and spoke with Inmate Todd about the problems he listed in his request slip.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 31, Lee County Detention Center Inmate Request Slip dated November 3, 2007.)

**Date:**  November 9, 2007
**Request:**  "I need to go to the dentist to have some teeth pulled bad and now I need something for pain.  They hurt real bad."
**Response:** (November 10, 2007)  It was explained to the Plaintiff that his needs were understood, that he was on the dentist list and that when his name comes up to the top of the list he would go back to the dentist.  He was given Orajel by Nurse Stewart.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 32, Lee County Detention Center Inmate Request Slip dated November 9, 2007.)

**Date:**  November 22, 2007
**Request:**  "I need something for pain please.  My mouth hurt from need to have teeth pulled."
**Response:** (November 23, 2007)  Nurse Stewart informed the Plaintiff once again that he was on the dentist list and when his name came up he would go to the dentist.  He was given Tylenol and Orajel.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 33, Lee County Detention Center Inmate Request Slip dated November 22, 2007.)

**Date:**  December 7, 2007
On this date the Plaintiff was transported to the offices of the Auburn Dental Group at approximately 7:30 a.m.  While there, he had twelve teeth extracted by the dentist.  The dentist noted that Mr. Todd's prognosis was good, and that he would need additional extractions in the future.  He was prescribed Lortab for pain, Amoxicillin to prevent infection, and instructed to rinse his mouth with warm salt water.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 34, Lee County Sheriff's Department Record of Medical Examination for Ira Todd dated December 7, 2007.)

---

[1] The Plaintiff had complained earlier of chest pain and received extensive diagnostic treatment and care.  These records are not included in this Special Report because the Plaintiff has not complained about the level of care he received in response to his request for care for that problem.

**Date:** December, 2007
The medications prescribed by the Plaintiff's dentist were obtained for him by the Lee County Sheriff's Office and distributed according to the dentist's directions.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 35, Lee County Sheriff's Office Medication Sheet-Administration Record for Ira Todd dated December, 2007.)

**Date:** Undated[2]
**Request:** "Dental problems."
**Response:** Nurse Fears noted that Inmate Todd needed a soft diet due to the fact that he had several teeth extracted. The soft diet was provided for Inmate Todd.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 36, Lee County Detention Center Inmate Request Slip (undated).)

**Date:** December 21, 2007
**Request:** "I need something for pain and it is hard for me to chew. Also I need at least two more teeth pulled please Ms. Stewart."
**Response:** (December 26, 2007) Inmate Todd was given Tylenol and placed on the dentist list again.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 37, Lee County Detention Center Inmate Request Slip dated December 21, 2007.)

**Date:** December 28, 2007
**Request:** Inmate Todd directs this request to Lt. Timothy Jones stating "we need to have a talk about me and the dentist. The nurse say I don't need any dental work. If so you got to get it when you get out. I have sent her numerous requests about this I have not gotten any other answer yet. I have sent you one before and I have not heard anything from you. This is my second one to you."
**Response:** (Undated) Lt. Jones informed Inmate Todd that he had been placed on the dentist list again, but would have to wait until his name came back up to be seen by the dentist.[3]

(See Affidavit of Lt. Timothy Jones; and Defendants' Exhibit 38, Lee County Detention Center Inmate Request Slip dated December 28, 2007.)

**Date:** February 6, 2008
**Request:** "Could I get something for a tooth ache and my sinus please."
**Response:** "Scheduled to see dentist."

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 39, Lee County Detention Center Inmate Request Slip dated February 6, 2008.)

---

[2] This request was received by the nursing staff of the Lee County Detention Center shortly after the Plaintiff's extractions in December, 2007.
[3] Lt. Jones does not recall any similar request which was directed to him by the Plaintiff before December 28, 2007.

**Date:**  February 8, 2008
**Request:**  "I can't close my mouth enough to chew my food.  Could you send me a soft food plate please.  I have one tooth in the back of my mouth that is stopping me from being able to chew.  I need for you to see it so you will know what I am talking about."
**Response:**  Saw dentist on same day.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 40, Lee County Detention Center Inmate Request Slip dated February 8, 2008.)

**Date:**  February 8, 2008
On this date the Plaintiff, at approximately 7:45 a.m. was taken to the Auburn Dental Group for a dental exam.  During the examination five teeth were extracted.  It is noted that the Plaintiff's prognosis was good and that he would need to be seen for additional extractions at a future date.  It is noticed that an infection was present in his mouth, and he was instructed to use salt-water rinses in response.  The Plaintiff was prescribed Lortab for pain, and Amoxicillin for the infection.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 41, Lee County Sheriff's Department Record of Medical Examination for Ira Todd dated February 8, 2008.)

**Date:**  February, 2008
The medications prescribed for the Plaintiff by the dentist were obtained for him by the Lee County Sheriff's Office and distributed according to the dentist's directions.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 42, Lee County Sheriff's Office Medication Sheet-Administration Record for Ira Todd dated February, 2008.)

**Date:**  February 9, 2008
**Request:**  "I have a tooth in the back of my mouth that have punched a hole in my gum.  Could you come and look at it please."
**Response:**  (February 12, 2008)  Nurse Stewart informed Inmate Todd that the dentist knew of his problem.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 43, Lee County Detention Center Inmate Request Slip dated February 9, 2008.)

**Date:**  February 16, 2008
**Request:**  "I need something for pain.  My gum hurts where my tooth is rubbing it."
**Response:**  (Same day)  Orajel sent to the Plaintiff by Nurse Stewart.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 44, Lee County Detention Center Inmate Request Slip dated February 16, 2008.)

**Date:** February 17, 2008
**Request:** "I need something for pain. My mouth hurts and is still sore from where the tooth have rubbed the gum."
**Response:** (February 20, 2008) Nurse Stewart notes that the Plaintiff was sent Orajel on that date, and Inmate Todd was reminded that he had been to see the dentist twice and had seventeen teeth extracted. He was told to continue to rinse his mouth with warm salt-water.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 45, Lee County Detention Center Inmate Request Slip dated February 17, 2008.)

**Date:** February 19, 2008
**Request:** "My gum is hurting where my tooth is rubbing it. It is more sore than hurting."
**Response:** (February 23, 2008) Plaintiff was sent Advil by Nurse Stewart.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 46, Lee County Detention Center Inmate Request Slip dated February 19, 2008.)

**Date:** March 2, 2008[4]
**Request:** "Can I get some more salt to rinse my mouth with. My gum is sore where my tooth have punctured a hole in it. I need some more Oragel also."
**Response:** Orajel and salt were given to the Plaintiff by Nurse Fears.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 47, Lee County Detention Center Inmate Request Slip dated March 2, 2008.)

**Date:** March 25, 2008
On this date, the Plaintiff was seen by Dr. John H. McFarland at the Lee County Detention Center. It is noted that the Plaintiff was unhappy about his dental extractions and that he had "quite a few teeth extracted" leaving just one tooth in the lower right quadrant in the back of his jaw. It is noted that when he bites down, this tooth had no opposing tooth, causing his gum to be sore, and that he was having trouble with the mechanics of chewing food. It is also noted by the doctor that Mr. Todd appeared to be healthy and have a normal to high weight of 194 pounds for his height of 5 feet 11 inches and that, therefore, he did not appear to be suffering from any lack of nourishment due to any inability to chew any food that was given by the jail staff. The doctor's overall assessment was that Mr. Todd was going to be going to the dentist again but that the teeth he had were relatively healthy, and that there were others at the Detention Center with more pressing dental needs who would be seen before him.

(See Affidavit of Nurse Linda Stewart; and Defendants' Exhibit 48, Doctor's Notes/Health Care Documentation, Lee County Sheriff's Office dated March 25, 2008.)

---

[4] The Plaintiff dates this request slip "February 2008" without a day given. The nursing staff's response came on March 2, 2008.

The Plaintiff has stated in his Complaint that the nursing staff at the Lee County Detention Center has displayed a callous attitude toward him, stating that he could wait until he got out of jail to have needed dental work completed.  Nurse Linda Stewart denies that she, or to the best of her knowledge, any member of the Lee County Detention Center staff has displayed any type of callous attitude toward the Plaintiff.  The method for delivery of medical care and dental care to inmates in the Lee County Detention Center is designed to be as fair as possible, and at no time has the Plaintiff been placed in any situation where his health was compromised, nor was he caused to suffer unnecessary or prolonged pain due to any type of callous or uncaring attitude of either the nurses or the Detention Center staff.  (See Affidavit of Nurse Linda Stewart.)

In addition to the above, the Plaintiff has also stated that he had been refused care, according to Nurse Stewart, because he was costing the County too much money.  Nurse Linda Stewart denies that she has ever refused any inmate medical or dental care because of a lack of funds.  Funding, in fact, is an issue which is dealt with by the institute incarcerating the inmate, whether the State of Alabama, Lee County, Alabama, or the Cities of Opelika or Auburn.  All these entities, to the best of Defendant Stewart's knowledge, pay the bills to medical providers. (See Affidavit of Nurse Linda Stewart.)

During the entire time that Inmate Ira Todd presented himself to the medical staff at the Lee County Detention Center requesting dental treatment, no situation he presented ever amounted to any type of emergency situation which would have required immediate care. Routine care was provided to him and, in fact, during the numerous times that the Plaintiff has been incarcerated in the Lee County Detention Center, he has had over twenty teeth pulled by the Detention Center's dentists, and has received all other necessary medical and dental care.  (See Affidavit of Nurse Linda Stewart.)

Lee County, Alabama Sheriff Jones and Major Cary Torbert, Capt. Corey Welch, and Lt. Timothy Jones of the Lee County, Alabama Sheriff's Office deny that the Plaintiff has ever presented them with any type of grievance concerning his dental treatment. With the exception of the request form forwarded to Lt. Jones referenced as Defendants' Exhibit 38 above, all the Plaintiff's medical requests have been directed to the medical staff. No formal grievance has been filed by the Plaintiff concerning this situation, and, thus, the Defendants have not had the opportunity to address the Plaintiff's concerns through the grievance procedure provided to him by the Lee County Sheriff's Office. (See Affidavits of Sheriff Jay Jones, Major Cary Torbert, Capt. Corey Welch, and Lt. Timothy Jones.)

The Defendants in the above-styled cause, Nurse Linda Stewart, Sheriff Jay Jones, Major Cary Torbert, Capt. Corey Welch, and Lt. Timothy Jones deny each and every allegation made against them by the Plaintiff, Ira C. Todd. Further, the Defendants deny that they have acted, or caused anyone to act in such a manner as to deprive the Plaintiff of any rights to which he is entitled. (See Affidavits of Nurse Linda Stewart, Sheriff Jay Jones, Major Cary Torbert, Capt. Corey Welch and Lt. Timothy Jones.)

## V.    LAW RELATED TO THE PLAINTIFF'S ALLEGATION

### A.    All claims by Plaintiff against Defendants in their official capacities must fail based on Eleventh Amendment immunity and because they are not "persons" under 42 U.S.C. § 1983.

Plaintiff's claims against Defendants in their official capacities are due to be dismissed for lack of subject matter jurisdiction as such claims are barred by the Eleventh Amendment to the United States Constitution. Parker v. Williams, 862 F.2d 1471, 1476 (11th Cir. 1989) (holding a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989) (holding that a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Carr v. City of Florence, Ala., 918 F.2d

1521, 1525 (11th Cir. 1990) (holding a deputy sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); <u>Lancaster v. Monroe County</u>, 116 F.3d 1419, 1430-31 (11th Cir. 1997) (extending Eleventh Amendment immunity to include jailers employed by county sheriffs).

In addition, the official capacities claims must fail because 42 U.S.C. § 1983 prohibits a <u>person</u>, acting under color of law, from depriving another of his rights secured by the United States Constitution.  42 U.S.C. § 1983 (emphasis added).  The United States Supreme Court has held that state officials, in their official capacities, are not "persons" under § 1983.  <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989).  Any claims against Defendants in their official capacities should therefore be dismissed because they are not "persons" under § 1983, and therefore claims against them in their official capacities fail to state a claim upon which relief can be granted.  <u>Id.</u>; <u>Carr</u>, 916 F.2d at 1525 n.3 (11th Cir. 1990).

**B.    Defendants are entitled to qualified immunity because nothing in their conduct crossed a "bright line" contour of clearly established constitutional law.**

Defendants were acting within their discretionary authority as Sheriff and Detention Center officials of Lee County during all times relevant to Plaintiff's Complaint because all their actions were taken in the furtherance of their job duties.  <u>See, e.g.</u> <u>Holloman ex rel. Holloman v. Harland</u>, 370 F.3d 1252 (11th Cir. 2004).  Once a defendant has asserted the defense of qualified immunity and shown that he was acting within his discretionary authority, the threshold inquiry a court must undertake is whether the plaintiff's allegations, if true, establish a constitutional violation.  <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001).  The initial inquiry is whether, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"  <u>Id.</u> (citing <u>Siegert v. Gilley</u>, 500 U.S. 226, 232 (1991)).  The second inquiry is, if a constitutional violation is stated, were these rights "clearly

established" to the degree that these Defendants had "fair warning" that their conduct violated the plaintiff's constitutional rights? Willingham v. Loughnan, 321 F.3d 1299, 1301 (11th Cir. 2003).

In making an assessment of whether the particular conduct of these Defendants was clearly established as being violative of constitutional dictates, the reviewing court must examine the state of law at the time the alleged deprivation occurred. See Rodgers v. Horsley, 39 F.3d 308, 311 (11th Cir. 1994). A constitutional right is clearly established only if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987); Lancaster, 116 F.3d at 1424. "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." Jenkins v. Talladega Bd. of Educ., 115 F.3d 821, 827 (11th Cir. 1997) (en banc) (citations omitted).

Assuming, arguendo, that the Plaintiff could demonstrate a constitutional violation, he must still show that clearly established law provided the Defendants with fair warning that their conduct was unlawful. He may do so by either (1) pointing to a case with materially similar facts holding that the conduct engaged in was illegal; or (2) demonstrating that a pertinent federal statute or federal constitutional provision is specific enough to demonstrate that the conduct was illegal, even in the total absence of case law. Storck v. City of Coral Springs, 354 F.3d 1307, 1317 (11th Cir. 2003) (citations omitted). The Eleventh Circuit has identified the latter method as an "obvious clarity" case. Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002) (footnote omitted). In order to show that the conduct of the Defendant was unconstitutional with "obvious clarity," "the unlawfulness must have been apparent." Willingham, 321 F.3d at 1301. "Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent

officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit." Storck, 354 F.3d at 1318 (quoting 28 F.3d at 1149).

In order to prevail under 42 U.S.C. § 1983 on his medical claim, Plaintiff must demonstrate that the Defendant was deliberately indifferent to a serious medical condition. Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

> A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. A prison or medical official may be held liable under the Eighth Amendment for actions with "deliberate indifference" to inmate health or safety only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Mere negligence does not suffice to prove deliberate indifference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994) ("Deliberate indifference describes a state of mind more blameworthy than negligence"). Furthermore, where a prisoner has received medical attention and the dispute concerns the adequacy of the medical treatment, deliberate indifference is not shown. Hamm v. DeKalb County, 774 F.2d 1567 (11th Cir. 1985).

Even assuming for the purposes of this Special Report that the Plaintiff presented a serious medical condition, the Defendants were not deliberately indifferent to that condition. Clearly, Defendants provided to the Plaintiff numerous dental visits over the course of several years. The Plaintiff's stated goal of having all his teeth pulled while in the Lee County Detention Center in order that he might obtain dentures was, as of March, 2008, almost met. Medical assessments of the Plaintiff determined that he did not suffer from any serious problems because of any delays in treatment, and that, in fact, the delays were necessary so that others, with more pressing needs, could see a dentist first.

Perhaps most telling, if any party has been deliberately indifferent to the Plaintiff's dental needs, it is the Plaintiff himself.  Though he has, on several occasions, been outside the Lee County Detention Center and able to obtain dental care for himself, he has, apparently, completely failed to do so.

It is clear that the Plaintiff in this action, Ira C. Todd, has received medical treatment. His dispute in this case seems to be over the adequacy of that treatment.  As the Eleventh Circuit has established in Hamm v. DeKalb County, 774 F.2d 1567 (11th Cir. 1985) arguments over such adequacy of care do not establish deliberate indifference.  The Defendants are, therefore, entitled to judgment in their favor.

C.      Plaintiff's case is due to be dismissed because the Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform act requires exhaustion of administrative remedies before a prisoner can seek relief in a federal court in a § 1983 action.  Forty-two U.S.C. § 1997e(a) directs that "[n]o action shall be brought with respect to prison conditions under § 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  As the Eleventh Circuit has noted in Brown v. Sikes, the result of 42 U.S.C. § 1997e(a) is that "when a state provides a grievance procedure for its prisoners . . . an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit."  Brown v. Sikes, 212 F.3d 1205 (11th Cir. 2000); see also Alexander v. Hawk, 159 F.3d 1321 (11th Cir. 1998).

Exhaustion of available administrative remedies is a required precondition to litigation which may not be waived.  Alexander, 159 F.3d at 1335.  Thus, the Plaintiff in this case, Ira C.

Todd, should be required to exhaust all administrative remedies available to him prior to beginning this litigation.

It is undisputable that the Lee County Sheriff's Office provides administrative remedies to persons confined in the Lee County Detention Center by way of a grievance procedure. Similarly, it is undisputed that the Plaintiff in this action has failed to exhaust the remedies available to him within the Lee County Sheriff's Office. This litigation should, therefore, be dismissed for such failure.

Plaintiff also has available to him an administrative remedy through the Alabama State Board of Adjustment. The Board of Adjustment is a quasi-judicial, legislatively created body designed to have jurisdiction over claims against the State which are not justiciable in the State's courts due to the State's constitutional immunity. Lee v. Cunningham, 176 So. 477, 479 (Ala. 1937); see also Vaughn v. Sibley, 709 So. 2d 482, 486 (Ala. Civ. App. 1987). The Board of Adjustment is empowered to hear and consider all claims for damages to persons as a result of any injury done to them by the State or any of its agencies, institutions, or departments. Code of Alabama § 42-9-62(a) (1975).

Alabama sheriffs, and by acknowledged extension, members of their detention center staff, act as state officers when supervising inmates and otherwise operating county jails. Turquitt v. Jefferson County, Ala., 137 F.3d 1285 (1998). Thus, claims for monetary damages against the Defendants in this matter are, in essence, a claim against the State of Alabama. Since the Plaintiff's claims are actually against the State of Alabama, the Plaintiff has an administrative remedy before the Board of Adjustment that he has not exhausted.

> An inmate incarcerated in . . . prison . . . must first comply with the grievance procedures established by the state . . . before filing a federal lawsuit under § 1983. In deciding if [the plaintiff] exhausted his administrative remedies, we do not review the effectiveness of those remedies, but rather whether remedies were available and exhausted."

24

Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). As the Plaintiff not only has remedies available to him through the grievance procedure established by the Lee County Sheriff's Office, but also through the Alabama State Board of Adjustment, neither of which he has exhausted, the Plaintiff has failed to exhaust his administrative remedies with respect to his claim for damages as required by 42 U.S.C. § 1997e(a), and this lawsuit is, therefore, due to be dismissed.

## VII.    SUMMARY JUDGMENT STANDARD

On a motion for summary judgment, the court should view the evidence in the light most favorable to the nonmovant. Greason v. Kemp, 891 F.2d 829, 831 (11th Cir. 1990). However, a plaintiff "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Only reasonable inferences with a foundation in the record inure to the non-movant's benefit. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000). "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted or unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" Reeves, 530 U.S. at 151, quoting 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529, p. 299.[5] "A reviewing court need not 'swallow plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.'" Marsh v. Butler County, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc) quoting Mass. Sch. of Law v. American Bar, 142 F.3d 26, 40 (1st Cir. 1998).

---

[5] Although Reeves was a review of a motion for judgment as a matter of law after the underlying matter had been tried, the Supreme Court, in determining the proper standard of review, relied heavily on the standard for summary judgment stating, "the standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'" Reeves, 530 U.S. at 150, citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-251 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

## VIII.    ANSWER

The Defendants in this action deny each and every allegation made by the Plaintiff against them.  In addition, Defendants assert the affirmative defenses of qualified and absolute immunity regarding the Plaintiff's federal law claims against them, and, insofar as the Plaintiff's Complaint may be construed to make claims against them pursuant to Alabama law, they assert the defense of sovereign immunity to such claims.

## IX.    MOTION FOR SUMMARY JUDGMENT

Defendants respectfully request that this Honorable Court treat their Special Report as a Motion for Summary Judgment, and grant unto them the same.

## X.    CONCLUSION

The Defendants in this cause, Nurse Linda Stewart, Sheriff Jay Jones, Major Cary Torbert, Capt. Corey Welch, and Lt. Timothy Jones deny that they have acted, or caused anyone to act in such a manner as to deprive the Plaintiff, Ira C. Todd, of any right to which he is entitled.  (See Affidavits of Nurse Linda Stewart, Sheriff Jay Jones, Major Cary Torbert, Capt. Corey Welch, and Lt. Timothy Jones.)

Respectfully submitted this 24th day of April, 2008.

> **s/Daryl L. Masters**
> DARYL L. MASTERS, Bar No. MAS018
> Attorney for Defendants Jay Jones, Cary Torbert,
> Corey Welch, Timothy Jones, and Linda Stewart
> WEBB & ELEY, P.C.
> Post Office Box 240909
> 7475 Halcyon Pointe Dr. (36117)
> Montgomery, Alabama  36124
> Telephone:  (334) 262-1850
> Fax:  (334) 262-1889
> E-mail:  dmasters@webbeley.com

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on this the 24th day of April, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed by United States Mail, postage prepaid, to the following non-CM/ECF participant:

Ira C. Todd
Lee County Justice Center
Post Office Box 2407
Opelika, Alabama  36801

                              **s/Daryl L. Masters**
                              OF COUNSEL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IRA C. TODD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 3:08-cv-123-MEF-TFM** |
| | ) | |
| **NURSE STEWART, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT OF JAY JONES

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF LEE** | ) |

**BEFORE ME,** the undersigned authority and Notary Public in and for said County and State at large, personally appeared Jay Jones, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.    My name is Jay Jones. I am over the age of nineteen and competent to execute this affidavit.

2.    I am the duly elected Sheriff of Lee County, Alabama, and have served in such capacity since 1999.

3.    I deny that I have acted or caused anyone to act in such as a manner so as to deprive the Plaintiff in this case, Ira C. Todd, of any right to which he is entitled.

4.    I do not recall ever receiving any type of grievance or having to address any type of grievance submitted by Mr. Ira C. Todd where he claimed that he had been denied medical or dental care while he was incarcerated in the Lee County Detention Center.

5.    The Lee County, Alabama Sheriff's Office operates the Lee County Detention Center according to a written manual of policies and procedures. All members of the

Detention Center staff are required to be familiar with the policies and procedures governing the operation of the Detention Center and to follow those policies and procedures at they carry out their duties.

6.     I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.

JAY JONES

**SWORN TO** and **SUBSCRIBED** before me this 22 day of April, 2008.

NOTARY PUBLIC                    MY COMMISSION EXPIRES FEB. 5, 2011
My Commission Expires:

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| IRA C. TODD, | ) |
| | ) |
|     **Plaintiff,** | ) |
| **v.** | )     **Civil Action No. 3:08-cv-123-MEF-TFM** |
| | ) |
| NURSE STEWART, et al., | ) |
| | ) |
|     **Defendants.** | ) |

## AFFIDAVIT OF LINDA STEWART

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF LEE | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Linda Stewart, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.    My name is Linda Stewart. I am over the age of nineteen and competent to execute this affidavit.

2.    I have been employed as a nurse with the Lee County Detention Center for over 6 years. I am a Licensed Practical Nurse and have been licensed for over 20 years, having served as a nurse in the intensive care unit and critical care unit in Cobb Hospital Emergency Room in Georgia for 15 years. The National Commission on Correctional Health Care has certified me as a correctional health care professional.

3.    My other professional experience includes teaching Nursing Assistants Clinicals for 2 years at The Career Institute; collecting medical information for the Law Firm of Bellamy and Jones for 3 years; and working as the personal nurse for Dr. Hoffman in Phenix City for 12 years prior to my coming to the Lee County Detention Center.

4.     Along with my fellow nurses and Dr. John H. McFarland, I currently provide health care assessments and services to persons incarcerated in the Lee County, Alabama Detention Center.

5.     It is the policy of the Lee County Sheriff's Office that, inasmuch as dental health care directly affects an individual's total health and medical status, inmates at the Lee County Detention Center receive the dental health care deemed necessary by the facility physician, under the direction of a dentist licensed to practice in the State of Alabama. Dental care is available to inmates on a "first come first serve" basis. Inmates may, at any time, ask to be placed on the "dentist list" for non-emergency dental care. As the dentist serving the Lee County Detention Center is able to see inmates, a number of persons are taken from the top of the list, as dictated by the dentist. Inmates signing up for a second or third trip to the dentist must work their way up from the bottom of the list, as if it were their first request, unless the dentist has ordered otherwise.

6.     All persons in the Lee County Detention Center who display an emergency dental situation such as abscesses, swelling, or other similar conditions are seen by the jail's medical staff, which includes nurses and a licensed physician. Proper courses of treatment are prescribed for such situations, and persons suffering from such conditions are transported to a dentist at the next available time. If a situation is a true emergency, or does not resolve itself, an emergency dentist visit may be scheduled.

7.     It is the policy of the Lee County Sheriff's Office that persons be issued a toothbrush and toothpaste when booked into the Lee County Detention Center, in order to maintain their dental hygiene. In addition, for common dental problems encountered during incarceration, inmates may be given products such as Orajel, or over-the-counter pain relievers by members of the jail staff to alleviate pain or other problems.

2

8.    The Plaintiff in this action, Ira C. Todd, has, as noted above, been incarcerated in the Lee County Detention Center on a number of occasions. Beginning as far back as June, 2006, Inmate Todd has been making requests to the medical staff at the Lee County Detention Center to visit a dentist in order to have teeth pulled. He has, on occasion, publicly stated his intent to have all his teeth pulled while incarcerated so that he could obtain dentures at some future point.

9.    Medical decisions regarding inmates in the Lee County Detention Center are made, not by members of the jail staff, but by licensed health care practitioners. Currently, the jail employs nurses who are either available at the jail or on-call to assess and treat inmates under the direction of a licensed medical doctor.

10.    I, along with my nursing colleagues, work under the direction of Dr. John McFarland, a physician licensed to practice in the State of Alabama.

11.    On any given day, approximately 400 persons are incarcerated in the Lee County Detention Center. Of that number, about three quarters have some type of dental issue due to drug or alcohol abuse or general neglect. Members of the jail's medical staff frequently give Orajel or Tylenol type products to these persons in order alleviate minor dental pain.

12.    Persons in the Lee County Detention Center wishing to see a dentist for any type of dental problem must submit a request to be placed on the "dentist list." This list operates on a first come first serve basis.

13.    Dental services for the Lee County Detention Center are currently rendered by the Auburn Dental Group. This group of dentists schedules five or ten inmates for treatment once or twice a month. This, generally, takes care of all non-emergency dental situations.

14.    Emergency dental situations, such as abscesses, infections, swelling, or other out of the ordinary circumstances are dealt with by the Detention Center physician, Dr. John

3

McFarland. Treatment for these conditions, such as antibiotics, may be rendered at the Detention Center, and the inmate taken to the dentist at a regularly scheduled time. Other emergencies may cause the medical staff to schedule a trip to the dentist immediately. In either circumstance, if the situation demands, a person may be moved to the top of the dentist list, at the discretion of Dr. McFarland.

15.    After an inmate has been to the dentist, and received non-emergency care, he may again request to see the dentist. However, as with his first request, he is placed at the bottom of the list, and must work his way to the top. The same is true for a third or fourth request to see the dentist.

16.    At any time orders are given by a dentist to have an inmate return for additional treatment at a particular time, those orders are followed.

17.    With regard to the Plaintiff in this matter, Ira C. Todd, it was obvious to members of the jail's medical staff that he had failed, for a number of years, if not his entire life, to take care of his teeth. Most were at some state of decay when he arrived at the Detention Center. A medical screening form completed on October 3, 2007 at the time Inmate Todd was booked into the Lee County Detention Center specifically notes that he having problems or pain with his teeth.

18.    Although the Plaintiff, apparently, ignores his dental needs while he is not incarcerated in the Lee County Detention Center, each time he returns to the Detention Center he makes requests for dental care. These requests and responses made by the staff of the Lee County Detention Center are as follows:

> **Date:** June 16, 2006
> **Request:** "I need to have a tooth pulled for now I need something for pain."
> **Response:** (Same day) Tylenol and oragel [sic] given and Plaintiff placed on dentist list.
>
> **Date:** June 17, 2006
> **Request:** "I need a tooth pulled now I something for pain."
> **Response:** (Same day) Plaintiff given Tylenol and placed on dentist list.

4

**Date:** June 23, 2006
**Request:** "I need some orel jel."
**Response:** (Same day) Plaintiff given two packs of Orajel.

**Date:** June 26, 2006
**Request:** "I need something for pain and orel gel."
**Response:** (June 27, 2006) Tylenol and Orajel given by Nurse Griffith

**Date:** July 8, 2006
**Request:** "I need some oral gel."
**Response:** (July 9, 2006) Orajel sent to the Plaintiff by Nurse Griffith.

**Date:** January 11, 2007
**Request:** "I have four teeth that's loose and ache very bad. I was put on the list over two months ago to have one pulled and I have not been called yet. I need something for pain now."
**Response:** (Same day) Placed back on dentist list for second time. Plaintiff informed that all persons on dentist list for first time would go before he returned. Orajel was given to the Plaintiff by me.

**Date:** January 12, 2007
**Request:** "toothache"
**Response:** (Same day) Put on dentist list, Tylenol and Orajel given by Nurse Griffith.

**Date:** January 16, 2007
**Request:** "I need something for pain." (toothache)
**Response:** (Same day) Two 500mg Tylenol tablets given by Nurse Griffith.

**Date:** February 2, 2007
On this date the Plaintiff was taken for a dental exam and extraction of one tooth. The dentist examining Mr. Todd listed his prognosis as good and that no additional treatment was needed. He was given a prescription of Lortab.

**Date:** February 2, 2007
On this date, the Lee County Sheriff's Office filled a prescription at the Medical Arts Pharmacy in Opelika, Alabama for Inmate Todd as directed by the dentist treating him, Dr. C. Arthur Steineker.

**Date:** February 2-4, 2007
The Plaintiff's prescription given to him by the dentist was distributed to him according to the dentist's directions.

**Date:** February 10, 2007
**Request:** "I have a tooth need to be pulled."
**Response:** (Same day) Plaintiff given Orajel by me.

5

**Date:** February 24, 2007
**Request:** "I need a tooth pulled bad."
**Response:** (February 25, 2007) I replied to the Plaintiff that he had seen the dentist on February 2, 2007 and that the dentist had said that no additional treatment was needed. However, I informed the Plaintiff that he would be placed on the dentist list again as a "second round" request.

**Date:** June 3, 2007
**Request:** "I need some Oral Jel for a tooth ache."
**Response:** Orajel given by me.

**Date:** June 16, 2007
**Request:** "I need something for a tooth ache. My gum is swelling. Can you please put me on the dentist list to have one pulled please."
**Response:** (June 17, 2007) Plaintiff given Orajel and placed on dentist list by me.

**Date:** October 12, 2007
**Request:** "I need some tooth pulled as soon as possible."
**Response:** (October 16, 2007) Nurse Fears informed the Plaintiff that he was on the dentist list.

**Date:** October 13, 2007
**Request:** "I need some teeth pulled bad and I need something for pain too please."
**Response:** (October 15, 2007) Plaintiff was given Tylenol and Orajel by Nurse Griffith and informed that he was placed on the dentist list.

**Date:** October 20, 2007
**Request:** "I need something for pain. My mouth hurts."
**Response:** (October 23, 2007) Plaintiff given Tylenol by me.

**Date:** October 29, 2007
**Request:** "I need something for pain and to have some tooth pulled."
**Response:** (October 30, 2007) Nurse Griffith gave Orajel and Tylenol and informed Plaintiff that he was placed on the dental list.

**Date:** November 3, 2007
**Request:** "I still got a bit of pain in my chest and back and also need some thing for my mouth. My tooth is hurting."
**Response:** (November 5, 2007) I saw and spoke with Inmate Todd about the problems he listed in his request slip.

**Date:** November 9, 2007
**Request:** "I need to go to the dentist to have some teeth pulled bad and now I need something for pain. They hurt real bad."
**Response:** (November 10, 2007) It was explained to the Plaintiff that his needs were understood, that he was on the dentist list and that when his name comes up to the top of the list he would go back to the dentist. He was given Orajel by me.

**Date:** November 22, 2007

**Request:** "I need something for pain please. My mouth hurt from need to have teeth pulled."

**Response:** (November 23, 2007) I informed the Plaintiff once again that he was on the dentist list and when his name came up he would go to the dentist. He was given Tylenol and Orajel.

**Date:** December 7, 2007

On this date the Plaintiff was transported to the offices of the Auburn Dental Group at approximately 7:30 a.m. While there, he had twelve teeth extracted by the dentist. The dentist noted that Mr. Todd's prognosis was good, and that he would need additional extractions in the future. He was prescribed Lortab for pain, Amoxicillin to prevent infection, and instructed to rinse his mouth with warm salt water.

**Date:** December, 2007

The medications prescribed by the Plaintiff's dentist were obtained for him by the Lee County Sheriff's Office and distributed according to the dentist's directions.

**Date:** Undated[1]

**Request:** "Dental problems."

**Response:** Nurse Fears noted that Inmate Todd needed a soft diet due to the fact that he had several teeth extracted. The soft diet was provided for Inmate Todd.

**Date:** December 21, 2007

**Request:** "I need something for pain and it is hard for me to chew. Also I need at least two more teeth pulled please Ms. Stewart."

**Response:** (December 26, 2007) Inmate Todd was given Tylenol and placed on the dentist list again.

**Date:** February 6, 2008

**Request:** "Could I get something for a tooth ache and my sinus please."

**Response:** "Scheduled to see dentist."

**Date:** February 8, 2008

**Request:** "I can't close my mouth enough to chew my food. Could you send me a soft food plate please. I have on tooth in the back of my mouth that is stopping me from being able to chew. I need for you to see it so you will know what I am talking about."

**Response:** Saw dentist on same day.

**Date:** February 8, 2008

On this date the Plaintiff, at approximately 7:45 a.m. was taken to the Auburn Dental Group for a dental exam. During the examination five teeth were extracted. It is noted that the Plaintiff's prognosis was good and that he would need to be seen for additional extractions at a future date. It is noticed that an infection was present in his mouth, and he was instructed to use salt-water rinses in response. The Plaintiff was prescribed Lortab for pain, and Amoxicillin for the infection.

---

[1] This request was received by the nursing staff of the Lee County Detention Center shortly after the Plaintiff's extractions in December, 2007.

**Date:** February, 2008
The medications prescribed for the Plaintiff by the dentist were obtained for him by the Lee County Sheriff's Office and distributed according to the dentist's directions.

**Date:** February 9, 2008
**Request:** "I have a tooth in the back of my mouth that have punched a hole in my gum. Could you come and look at it please."
**Response:** (February 12, 2008) I informed Inmate Todd that the dentist knew of his problem.

**Date:** February 16, 2008
**Request:** "I need something for pain. My gum hurts where my tooth is rubbing it."
**Response:** (Same day) Orajel sent to the Plaintiff by me.

**Date:** February 17, 2008
**Request:** "I need something for pain. My mouth hurts and is still sore from where the tooth have rubbed the gum."
**Response:** (February 20, 2008) I noted that the Plaintiff was sent Orajel on that date, and Inmate Todd was reminded that he had been to see the dentist twice and had seventeen teeth extracted. He was told to continue to rinse his mouth with warm salt-water.

**Date:** February 19, 2008
**Request:** "My gum is hurting where my tooth is rubbing it. It is more sore than hurting."
**Response:** (February 23, 2008) Plaintiff was sent Advil by me.

**Date:** March 2, 2008[2]
**Request:** "Can I get some more salt to rinse my mouth with. My gum is sore where my tooth have punctured a hole in it. I need some more Oragel also."
**Response:** Orajel and salt were given to the Plaintiff by Nurse Fears.

**Date:** March 25, 2008
On this date, the Plaintiff was seen by Dr. John H. McFarland at the Lee County Detention Center. It is noted that the Plaintiff was unhappy about his dental extractions and that he had "quite a few teeth extracted" leaving just one tooth in the lower right quadrant in the back of his jaw. It is noted that when he bites down, this tooth had no opposing tooth, causing his gum to be sore, and that he was having trouble with the mechanics of chewing food. It is also noted by the doctor that Mr. Todd appeared to be healthy and have a normal to high weight of 194 pounds for his height of 5 feet 11 inches and that, therefore, he did not appear to be suffering from any lack of nourishment due to any inability to chew any food that was given by the jail staff. The doctor's overall assessment was that Mr. Todd was going to be going to the dentist again but that the teeth he had were relatively healthy, and that there were others at the Detention Center with more pressing dental needs who would be seen before him.

---

[2]  The Plaintiff dates this request slip "February 2008" without a day given. The nursing staff's response came on March 2, 2008.

19.     I deny that I have, or to the best of my knowledge, any member of the Lee County Detention Center staff has, displayed any type of callous attitude toward the Plaintiff. The method for delivery of medical care and dental care to inmates in the Lee County Detention Center is designed to be as fair as possible, and at no time has the Plaintiff been placed in any situation where his health was compromised, nor was he caused to suffer unnecessary or prolonged pain due to any type of callous or uncaring attitude by me or any other nurse, or the Detention Center staff.

20.     I deny that I have ever refused any inmate medical or dental care because of a lack of funds. Funding, in fact, is an issue which is dealt with by the institute incarcerating the inmate, whether the State of Alabama, Lee County, Alabama, or the Cities of Opelika or Auburn. All these entities, to the best of my knowledge, pay the bills to medical providers.

21.     During the entire time that Inmate Ira Todd presented himself to the medical staff at the Lee County Detention Center requesting dental treatment, no situation he presented ever amounted to any type of emergency situation which would have required immediate care. Routine care was provided to him and, in fact, during the numerous times that the Plaintiff has been incarcerated in the Lee County Detention Center, he has had over twenty teeth pulled by the Detention Center's dentists, and has received all other necessary medical and dental care.

22.     I certify and state that the documents from the Plaintiff's medical file provided to the Court which are attached to the Defendants' Special Report are true and correct copies of inmate records kept at the Lee County Detention Center in the regular course of business. I am the custodian of these medical records.

23.     I deny that I have acted, or caused anyone to act in such a manner as to deprive the Plaintiff, Ira C. Todd, of any right to which he is entitled.

24.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.

_Linda Stewart LPN CCHP_
LINDA STEWART, CCHP/LPN

**SWORN TO** and **SUBSCRIBED** before me this 22 day of April, 2008.

_[signature]_
NOTARY PUBLIC
My Commission Expires:    MY COMMISSION EXPIRES FEB. 5, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| IRA C. TODD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 3:08-cv-123-MEF-TFM |
| | ) | |
| NURSE STEWART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF CARY TORBERT, JR.

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF LEE | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Cary Torbert, Jr., who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.    My name is Cary Torbert, Jr. I am over the age of nineteen and competent to execute this affidavit.

2.    I serve as Chief Deputy for the Lee County, Alabama Sheriff's Office with the rank of Major. I have been so employed for over 20 years, and was, to the best of my knowledge, so employed during all of the Plaintiff's incarcerations in the Lee County, Alabama Detention Center.

3.    I deny that I have acted or caused anyone to act in such as a manner so as to deprive the Plaintiff in this case, Ira C. Todd, of any right to which he is entitled.

4.    I do not recall ever receiving any type of grievance or having to address any type of grievance submitted by Mr. Ira C. Todd where he claimed that he had been denied medical or dental care while he was incarcerated in the Lee County Detention Center.

5.     The Lee County, Alabama Sheriff's Office operates the Lee County Detention Center according to a written manual of policies and procedures.  All members of the Detention Center staff are required to be familiar with the policies and procedures governing the operation the Detention Center and to follow those policies and procedures as they carry out their duties.

6.     All members of the Lee County Sheriff's Office who work at the Lee County Detention Center are required to receive formal classroom training on all aspects of the operation of the Detention Center.  In addition to formal training, all members of the Detention Center staff receive on-the-job training in all aspects of jail operations.

7.     It is the policy of the Lee County Sheriff's Office that inmates confined to the Lee County Detention Center be entitled to the level of health care comparable to that available to citizens in the surrounding community in order to ensure their physical and emotional well-being.  All medical care given to inmates in the Detention Center is delivered under the direction of a licensed health care practitioner.  Members of the Detention Center staff are prohibited from ever summarily or arbitrarily denying an inmate's reasonable request for medical services.  Medical, dental, and mental health matters involving clinical judgment are the sole providence of a responsible physician, dentist, or psychiatrist or qualified psychologist, respectively.  Inmates are also guaranteed access to any diagnostic, laboratory, or other treatment services, as directed by the responsible health care authority.

8.     It is the policy of the Lee County Sheriff's Office that health appraisal data for each inmate be collected in order to promptly classify inmates, promote awareness of and respond to, their medical conditions, and maintain adequate records of each inmate's health status.  Booking officers are charged with the responsibility of conducting a health screening

2

during the booking process and completing a health screening form for each inmate. After completion, this form is signed by the inmate and placed in his or her file.

9.     It is the policy of the Lee County Sheriff's Office to allow inmates incarcerated in the Lee County Detention Center to request health care services at any time. Inmates may make a verbal request for any type of emergency services to any member of the Detention Center staff at any time. An inmate in need of any type of service or attention that is not an emergency may complete an inmate request form, in writing, and forward it to any member of the Detention Center staff. Requests for medical treatment are accepted by members of the Detention Center staff at any time.

10.     When a request for medical treatment is made to a member of the Detention Center staff, the staff member receiving the request will pass that request on to the shift supervisor, or the jail nurse. It is the shift supervisor's responsibility to ensure that the inmate's request is passed on to the jail nurse in a prompt and proper manner. Any doubt as to whether an actual need exists for medical treatment shall be resolved in favor of the inmate, and medical treatment will be offered.

11.     It is the policy of the Lee County Sheriff's Office that licensed health care practitioners be employed to render health care services to inmates at the Lee County Detention Center. On-site or on-call nurses work under the direction of a licensed physician to assess and treat inmates within the facility or to refer inmates outside the facility for medical, dental, or mental health care. Responses to requests for medical care made by any health care authority will be summarized, in writing, on the request form, and made a part of the inmate's medical file. Any other records, notes, treatment plans, or other documents generated regarding health care services rendered to inmates will similarly be made a part of the inmate's file.

3

12.     It is the policy of the Lee County Sheriff's Office that, inasmuch as dental health care directly affects an individual's total health and medical status, inmates at the Lee County Detention Center receive the dental health care deemed necessary by the facility physician, under the direction of a dentist licensed to practice in the State of Alabama. Dental care is available to inmates on a "first come first serve" basis. Inmates may, at any time, ask to be placed on the "dentist list" for non-emergency dental care. As the dentist serving the Lee County Detention Center is able to see inmates, a number of persons are taken from the top of the list, as dictated by the dentist. Inmates signing up for a second or third trip to the dentist must work their way up from the bottom of the list, as if it were their first request, unless the dentist has ordered otherwise.

13.     All persons in the Lee County Detention Center who display an emergency dental situation such as abscesses, swelling, or other similar conditions are seen by the jail's medical staff, including nurses and a licensed physician. Proper courses of treatment are prescribed for such situations, and persons suffering from such conditions are transported to a dentist at the next available time. If a situation is a true emergency, or does not resolve itself, an emergency dentist visit may be scheduled.

14.     All dental health matters, like other health matters, which involve clinical judgment, are the sole province of the responsible physician and dentist. No member of the Lee County Detention Center staff substitutes his or her judgment, in any way, for that of licensed health care practitioners with regard to rendering dental care to inmates in the Lee County Detention Center.

15.     It is the policy of the Lee County Sheriff's Office that, any time an inmate incarcerated in the Lee County Detention Center receives medical treatment from a health

4

care provider, a record be made of the rendering of treatment, along with any other pertinent information, and that this record be placed in the inmate's Detention Center file.

16.    It is the policy of the Lee County Sheriff's Office that members of the Lee County Detention Center staff receive and answer any written grievances or requests made by inmates to the Sheriff, myself, or any Detention Center personnel. All grievances are routed to me and, if necessary, I will forward them to the proper authority. Inmates in the Detention Center are furnished inmate request forms for the purpose of stating their requests or grievances in writing. Any staff member receiving an inmate grievance should sign and date the grievance, and, if possible, address it with the inmate. If unable to do so, the person receiving such a grievance should forward it to me for further action.

17.    It is the policy of the Lee County Sheriff's Office that all persons responding to inmate grievances must write their response on an inmate request form, giving findings regarding approval or disapproval of a complaint, then sign and date their response, return a copy to the inmate, and place a copy in the inmate's jail file. This should be accomplished within 72 hours of the time a grievance is received, excluding weekends and holidays. No negative action may be taken against inmate for the filing of a grievance.

18.    Medical decisions regarding inmates in the Lee County Detention Center are made, not by members of the jail staff, but by licensed health care practitioners. Currently, the jail employs nurses who are either available at the jail or on-call to assess and treat inmates under the direction of a licensed medical doctor.

19.    I certify and state that the documents provided to the Court which are attached to the Defendants' Special Report are true and correct copies of inmate records and inmate medical records kept at the Lee County Detention Center in the regular course of business.

20.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.

_____
CARY TORBERT, JR.

**SWORN TO** and **SUBSCRIBED** before me this 24 day of April, 2008.

_____
NOTARY PUBLIC
My Commission Expires:    MY COMMISSION EXPIRES FEB. 5, 2011

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **IRA C. TODD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 3:08-cv-123-MEF-TFM** |
| | ) | |
| **NURSE STEWART, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT OF COREY WELCH

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF LEE** | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Corey Welch, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.     My name is Corey Welch.  I am over the age of nineteen and competent to execute this affidavit.

2.     I am employed by the Lee County, Alabama Sheriff's Office, and hold the rank of Captain.  I am currently assigned to serve as a corrections officer at the Lee County Detention Center.  I have worked as a correctional officer for over 10 years, and am a graduate of the Police Academy and the Alabama Jail Management School.

3.     I deny that I have acted or caused anyone to act in such as a manner so as to deprive the Plaintiff in this case, Ira C. Todd, of any right to which he is entitled.

4.     I do not recall ever receiving any type of grievance or having to address any type of grievance submitted by Mr. Ira C. Todd where he claimed that he had been denied medical or dental care while he was incarcerated in the Lee County Detention Center.

5.     I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit, and that the above statements were made by drawing from my personal knowledge of the situation.

_Corey Welch_
COREY WELCH

**SWORN TO** and **SUBSCRIBED** before me this 22 day of April, 2008.

_Alma D. Bridges_
NOTARY PUBLIC
My Commission Expires:_MY COMMISSION EXPIRES FEB. 5, 2011_

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IRA C. TODD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 3:08-cv-123-MEF-TFM** |
| | ) | |
| **NURSE STEWART, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**AFFIDAVIT OF TIMOTHY JONES**</u>

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF LEE** | ) |

**BEFORE ME,** the undersigned authority and Notary Public in and for said County and State at large, personally appeared Timothy Jones, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.      My name is Timothy Jones. I am over the age of nineteen and competent to execute this affidavit.

2.      At the time of the allegations of the Plaintiff's Complaint, I was serving as a Corrections Officer at the Lee County Detention Center and had served in that capacity since March of 1995. I have achieved the rank of Lieutenant. I am a graduate of the Alabama Jail Management School and the Alabama Police Academy.

3.      I deny that I have acted or caused anyone to act in such as a manner so as to deprive the Plaintiff in this case, Ira C. Todd, of any right to which he is entitled.

4.      I received a medical request form from Inmate Todd dated December 28, 2007. In that request, Inmate Todd stated, "We need to have a talk about me and the dentist. The nurse say I don't need any dental work. If so you got to get it when you get out. I have sent

her numerous requests about this I have not gotten any other answer yet. I have sent you one before and I have not heard anything from you. This is my second one to you." I responded to his request and informed Inmate Todd that he had been placed on the dentist list again, but would have to wait until his name came back up to be seen by the dentist.

5.    I do not recall any similar request which was directed to me by the Plaintiff before December 28, 2007.

6.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.

_____
TIMOTHY JONES

SWORN TO and SUBSCRIBED before me this 22 day of April, 2008.

_____
NOTARY PUBLIC
My Commission Expires: _MY COMMISSION EXPIRES FEB. 5, 2011_

2

**Exhibit 1**
**Alabama Uniform Arrest Reports for Ira Casey Todd**

# ALABAMA UNIFORM ARREST REPORT

**DOMESTIC VIOLENCE**
**DUAL ARREST** ☐

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

☐ Yes ☐ No
☐ Yes ☐ No

| 1 ORI | 2 Agency Name | 3 Case # | 4 SFX |
|---|---|---|---|
| AL0430200 | OPELIKA POLICE DEPARTMENT | 2007-011697 | |

## IDENTIFICATION

| 5 Last, First, Middle Name | | | | | 6 Alias AKA | |
|---|---|---|---|---|---|---|
| TODD, IRA CASEY | | | | | | |

| 7 Sex | 8 Race | 9 Ethnicity | 10 Hgt | 11 Wgt | 12 Eye | 13 Hair | 14 Skin | 15 | |
|---|---|---|---|---|---|---|---|---|---|
| 1 M | 1 W | 1 Hispanic / 2 Other | 5-11" | 220 | BRO | GRAY | MED | ☐ Scars ☐ Marks ☐ Tatoos ☐ Amputations | |

| 16 Place of Birth (City, County State) | 17 SSN | 18 Date of Birth | 19 Age |
|---|---|---|---|
| OPELIKA, LEE COUNTY, ALABAMA | 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 | 05-20-64 | 43 |

| 21 SID # | 22 Fingerprint Class | Key | Major | Primary | SCDV | Sub-Secondary | Final | 23 DL# | 24 SI |
|---|---|---|---|---|---|---|---|---|---|
| | Henry Class | | | | | | | F04326Z | AL |
| 25 FBI # | NCIC Class | | | | | | | 26 Identification Comments | |

| 27 | 28 Home Address (Street, City, State, Zip) | 29 Residence Phone | 30 Occupation (Be Specific) |
|---|---|---|---|
| 1 Resident / 2 Non-Resident | 503 MAPLE AV, OPELIKA, AL 36801 | ( ) UNKNOWN | PLUMMER |

| 31 Employer (Name of Company/School) | 32 Business Address (Street, City, State, Zip) | 33 Business Phone |
|---|---|---|
| UNEMPLOYED | | ( ) |

## ARREST

| 34 Location of Arrest (Street, City, State, Zip) | 35 Sector # | 36 Arrested for Your Jurisdiction? |
|---|---|---|
| PEPPERELL PW, OPELIKA, AL 36801 | 01 | ☒ Yes ☐ No  1 In State  2 Out of State Agency |

| 37 Condition of Arrestee: | 38 Resist Arrest? | 39 Injuries? | 40 Armed? | 41 Description of Weapon |
|---|---|---|---|---|
| 1 Drunk  3 Sober / 2 Drinking  4 Drugs | 1 Yes  2 No | 1 None  3 Officer / 2 Arrestee | 1 X  2 No | 1 Handgun  4 Other Firearm / 2 Rifle  5 Other Weapon / 3 Shotgun |

| 42 Date of Arrest | 43 Time of Arrest | 44 Day of Arrest | 45 Type of Arrest | 46 Arrested Before? |
|---|---|---|---|---|
| 10-03-07 | 01:24 ☐ AM ☒ PM ☒ MIL | S M T W T⃝ F S  1 2 3 4 5 6 7 | 1 On View  2 Warrant  3 Call | 1 Yes  2 No  3 Unknown |

| 47 Charge - 1  1 Fel  2 Misd | 48 UCR Code | 49 Charge - 2  1 Fel  2 Misd | 50 UCR Code |
|---|---|---|---|
| THEFT OF PROPERTY III (SHOPLIFTING) | | | |

| 51 State Code/Local Ordinance | 52 Warrant # | 53 Date Issued | 54 State Code/Local Ordinance | 55 Warrant # | 56 Date Issued |
|---|---|---|---|---|---|
| 13A-8-5 /19-158 | | | | | |

| 57 Charge - 3  1 Fel  2 Misd | 58 UCR Code | 59 Charge - 4  1 Fel  2 Misd | 60 UCR Code |
|---|---|---|---|
| | | | |

| 61 State Code/Local Ordinance | 62 Warrant # | 63 Date Issued | 64 State Code/Local Ordinance | 65 Warrant # | 66 Date Issued |
|---|---|---|---|---|---|
| | | | | | |

| 67 Arrest Disposition | 68 If Out On Release What Type? | 69 Arrested with (1) Accomplice (Full Name) |
|---|---|---|
| 1 Held  4 Tot - LE / 2 Bail  5 Other / 3 Released | | 70 Arrested with (2) Accomplice (Full Name) |

## VEHICLE

| 71 VYR | 72 VMA | 73 VMO | 74 VST | 75 VCO | Top / Bottom | 76 Tag # | 77 LIS | 78 LIY |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

| 79 VIN | 80 Impounded?  1 Yes  2 No | 81 Storage Location/Impound # |
|---|---|---|
| | | |

| 82 Other Evidence Seized/Property Seized | ☐ Continued in Narrative |
|---|---|
| | |

## JUVENILE

| 83 Juvenile Disposition: | 1 Handled and Released  3 Ref. to Welfare Agency  5 Ref. to Adult Court | 84 Released To |
|---|---|---|
| | 2 Ref. to Juvenile Court  4 Ref. to Other Police Agency | |

| 85 Parent or Guardian (Last, First, Middle Name) | 86 Address (Street, City, State, Zip) | 87 Phone |
|---|---|---|
| | | ( ) |

| 88 Parents Employer | 89 Occupation | 90 Address (Street, City, State, Zip) | 91 Phone |
|---|---|---|---|
| | | | ( ) |

## RELEASE

| 92 Date and Time of Release | 93 Releasing Officer Name | 94 Agency/Division | 95 ID # |
|---|---|---|---|
| ☐ AM ☐ PM ☐ MIL | | | |

| 96 Released To | 97 Agency/Division | 98 Agency Address |
|---|---|---|
| | | |

| 99 Personal Property Released to Arrestee | 100 Property Not Released/Held At: | 101 Property # |
|---|---|---|
| 1 Yes  2 No  3 Partial | | |

102 Remarks (Note Any Injuries at Time of Release)

COURT: 01-16-08

Local Use
State Use

| 103 Signature of Receiving Officer | 104 Signature of Releasing Officer |
|---|---|
| | |

| MULTIPLE CASES CLOSED | 105 Case # | 106 SFX | 107 Case # | 108 SFX | 109 Case # | 110 SFX | 111 MULTIPLE CASES CLOSED NARRATIVE |
|---|---|---|---|---|---|---|---|
| | | | | | | | ☐ Y ☐ N |

| 112 Arresting Officer (Last, First, M.) | 113 ID # | 114 Arresting Officer (Last, First, M.) | 115 ID # | 116 Supervisor | 117 Watch Cmdr. |
|---|---|---|---|---|---|
| | | | | ID # | ID # |

# ALABAMA UNIFORM ARREST REPORT

DOMESTIC VIOLENCE
DUAL ARREST ☐

☐ Yes   ☐ Yes

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

| 1 ORI # | 2 Agency Name | 3 Case # | 4 SFX |
|---|---|---|---|
| AL0430200 | OPELIKA POLICE DEPARTMENT | 2007-0116981 | |

**IDENTIFICATION**

| 5 Last, First, Middle Name | 6 Alias AKA |
|---|---|
| TODD, IRA CASEY | |

| 7 Sex | 8 Race | 9 Ethnicity | 10 Hgt | 11 Wgt | 12 Eye | 13 Hair | 14 Skin | 15 | |
|---|---|---|---|---|---|---|---|---|---|
| ☒ M ☐ F | ☒ B | ☐ Hispanic ☒ Other | 5-11" | 220 | BRO | GRAY | MED | ☐ Scars ☐ Marks ☒ Tattoos ☐ Amputations | |

| 16 Place of Birth (City, County State) | 17 SSN | 18 Date of Birth | 19 Age | 20 Miscellaneous ID # |
|---|---|---|---|---|
| OPELIKA, LEE COUNTY, ALABAMA | 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 | 05-20-64 | 43 | |

| 21 SID # | 22 Fingerprint Class | Key | Major | Primary | SCDV | Sub-Secondary | Final | 23 DL # | 24 St |
|---|---|---|---|---|---|---|---|---|---|
| | Henry Class | | | | | | | F043262 | AL |
| 25 FBI # | NCIC Class | | | | | | | 26 Identification Comments | |

| 27 ☒ Resident ☐ Non-Resident | 28 Home Address (Street, City, State, Zip) | 29 Residence Phone | 30 Occupation (Be Specific) |
|---|---|---|---|
| | 503 MAPLE AV OPELIKA AL 36801 | ( ) UNKNOWN | PLUMMER |

| 31 Employer (Name of Company/School) | 32 Business Address (Street, City, State, Zip) | 33 Business Phone |
|---|---|---|
| UNEMPLOYED | | ( ) |

**ARREST**

| 34 Location of Arrest (Street, City, State, Zip) | 35 Sector # | 36 Arrested for Your Jurisdiction? |
|---|---|---|
| PEPPERELL PW, OPELIKA, AL 36801 | 01 | ☒ Yes ☐ No ☐ In State ☐ Out of State Agency |

| 37 Condition of Arrestee: | 38 Resist Arrest? | 39 Injuries? | 40 Armed? | 41 Description of Weapon |
|---|---|---|---|---|
| ☐ Drunk ☐ Sober ☐ Drinking ☐ Drugs | ☐ Yes ☒ No | ☒ None ☐ Officer ☐ Arrestee | ☐ Y ☒ N | ☐ Handgun ☐ Rifle ☐ Shotgun ☐ Other Firearm ☐ Other Weapon |

| 42 Date of Arrest | 43 Time of Arrest | 44 Day of Arrest | 45 Type of Arrest | 46 Arrested Before? |
|---|---|---|---|---|
| 11-03-07 | 01:24 ☐ AM ☒ MN | S M T ☒W T F S | ☒ On-View ☐ Warrant ☐ Call | ☒ Yes ☐ No ☐ Unknown |

| 47 Charge - 1 | ☐ Fel ☒ Misd | 48 UCR Code | 49 Charge - 2 | ☐ Fel ☐ Misd | 50 UCR Code |
|---|---|---|---|---|---|
| POSSESSION OF DRUG PARAPHERNALIA | | | | | |

| 51 State Code/Local Ordinance | 52 Warrant # | 53 Date Issued | 54 State Code/Local Ordinance | 55 Warrant # | 56 Date Issued |
|---|---|---|---|---|---|
| 13A-12-260/19-1 | | | | | |

| 57 Charge - 3 | ☐ Fel ☐ Misd | 58 UCR Code | 59 Charge - 4 | ☐ Fel ☐ Misd | 60 UCR Code |
|---|---|---|---|---|---|
| | | | | | |

| 61 State Code/Local Ordinance | 62 Warrant # | 63 Date Issued | 64 State Code/Local Ordinance | 65 Warrant # | 66 Date Issued |
|---|---|---|---|---|---|
| | | | | | |

| 67 Arrest Disposition | 68 If Out On Release What Type? | 69 Arrested with (1) Accomplice (Full Name) |
|---|---|---|
| ☐ Held ☐ Tot - LE ☐ Bail ☐ Other ☐ Released | | |
| | | 70 Arrested with (2) Accomplice (Full Name) |

**VEHICLE**

| 71 VYR | 72 VMA | 73 VMO | 74 VST | 75 VCO | Top Bottom | 76 Tag # | 77 LIS | 78 LIY |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

| 79 VIN | 80 Impounded? ☐ Yes ☒ No | 81 Storage Location/Impound # |
|---|---|---|
| | | |

| 82 Other Evidence Seized/Property Seized | ☐ Continued in Narrative |
|---|---|
| | |

**JUVENILE**

| 83 Juvenile Disposition: | ☐ Handled and Released ☐ Ref. to Juvenile Court | ☐ Ref. to Welfare Agency ☐ Ref. to Other Police Agency | ☐ Ref. to Adult Court | 84 Released To |
|---|---|---|---|---|
| | | | | |

| 85 Parent or Guardian (Last, First, Middle Name) | 86 Address (Street, City, State, Zip) | 87 Phone ( ) |
|---|---|---|
| | | |

| 88 Parents Employer | 89 Occupation | 90 Address (Street, City, State, Zip) | 91 Phone ( ) |
|---|---|---|---|
| | | | |

**RELEASE**

| 92 Date and Time of Release | 93 Releasing Officer Name | 94 Agency/Division | 95 ID # |
|---|---|---|---|
| ☐ AM ☐ PM ☐ M/L | | | |

| 96 Released To | 97 Agency/Division | 98 Agency Address |
|---|---|---|
| | | |

| 99 Personal Property Released to Arrestee ☐ Yes ☐ No ☐ Partial | 100 Property Not Released/Held At: | 101 Property # |
|---|---|---|
| | | |

102 Remarks (Note Any Injuries at Time of Release)

COURT: 01-16-08

Local Use

State Use

| 103 Signature of Receiving Officer | 104 Signature of Releasing Officer |
|---|---|
| | |

MULTIPLE CASES CLOSED

| 105 Case # | 106 SFX | 107 Case # | 108 SFX | 109 Case # | 110 SFX | 111 MULTIPLE CASES CLOSED NARRATIVE ☐ Y ☐ N |
|---|---|---|---|---|---|---|
| | | | | | | |

| 112 Arresting Officer (Last, First, M.) | 113 ID # | 114 Arresting Officer (Last, First, M.) | 115 ID # | 116 Supervisor ID # | 117 Watch Cmdr. ID # |
|---|---|---|---|---|---|
| | | | | | |

# ALABAMA UNIFORM ARREST REPORT

☐ DUAL ARREST

OFFICER WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

| 1 ORI # | 2 Agency Name | 3 Case # | 4 SFX |
|---|---|---|---|
| AL 043 0000 | LEE COUNTY SHERIFF'S OFFICE | 07 10 - 00 0215 | |

## IDENTIFICATION

| 5 Last, First, Middle Name | 6 Alias AKA |
|---|---|
| TODD, IRA CASEY | |

| 7 Sex | 8 Race | 9 Ethnicity | 10 Hgt | 11 Wgt | 12 Eye | 13 Hair | 14 Scars | 15 ☒ Scars ☐ Marks ☐ Tattoos ☐ Amputations |
|---|---|---|---|---|---|---|---|---|
| ☒ M ☐ F | ☒ W | ☐ 1 Hispanic ☐ 2 Other | 5'11 | 180 | BROWN | BLACK/GREY | AVG. DK. | |

| 16 Place of Birth (City, County State) | 17 SSN | 18 Date of Birth | 19 Age | 20 Miscellaneous ID # |
|---|---|---|---|---|
| OPELIKA, LEE CO., AL | 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 | 05 20 64 | 43 | |

| 21 SID # | 22 Fingerprint Class. | Key | Major | Primary | SCDV | Sub-Secondary | Final | 23 DL# | 24 St |
|---|---|---|---|---|---|---|---|---|---|
| | Henry Class. | | | | | | | F043262 | AL |
| 25 FBI # | NCIC Class. | | | | | | | 26 Identification Comments | |

| 27 ☒ Resident ☐ Non-Resident | 28 Home Address (Street, City, State, Zip) | 29 Residence Phone | 30 Occupation (Be Specific) |
|---|---|---|---|
| | 503 MAPLE AVE. OPELIKA, AL 36801 | ( ) N/A | PLUMBER |

| 31 Employer (Name of Company/School) | 32 Business Address (Street, City, State, Zip) | 33 Business Phone |
|---|---|---|
| N/A | N/A | ( ) N/A |

## ARREST

| 34 Location of Arrest (Street, City, State, Zip) | 35 Sector # | 36 Arrested for Your Jurisdiction? |
|---|---|---|
| LEE CO. JAIL 1900 FREDRICK RD OPELIKA AL 36801 | 69-0015 | ☐ Yes ☒ 1 In State ☐ 2 Out of State Agency |

| 37 Condition of Arrestee: | 38 Resist Arrest? | 39 Injuries? | 40 Armed? | 41 Description of Weapon |
|---|---|---|---|---|
| ☐ Drunk ☒ Sober ☐ Drinking ☐ Drugs | ☐ 1 Yes ☒ 2 No | ☐ Officer ☒ None ☐ Arrestee | ☐ Y ☒ N | ☐ Handgun ☐ Rifle ☐ Shotgun ☐ Other Firearm ☐ Other Weapon |

| 42 Date of Arrest | 43 Time of Arrest | 44 Day of Arrest | 45 Type of Arrest | 46 Arrested Before? |
|---|---|---|---|---|
| 10 03 07 | 06:31 ☐ AM ☒ PM | S ☐1 M ☐2 T ☐3 W ☒4 T ☐5 F ☐6 S ☐7 | ☒ On View ☐ Warrant ☐ Call | ☒ Yes ☐ No ☐ Unknown |

| 47 Charge - 1 | ☒ Fel | ☐ Misd | 48 UCR Code | 49 Charge - 2 | ☐ Fel | ☐ Misd | 50 UCR Code |
|---|---|---|---|---|---|---|---|
| ESCAPE III | | | | | | | |

| 51 State Code/Local Ordinance | 52 Warrant # | 53 Date Issued | 54 State Code/Local Ordinance | 55 Warrant # | 56 Date Issued |
|---|---|---|---|---|---|
| 13A-10-33 | LCSO 0709-2132 | 09 25 07 | | | |

| 57 Charge - 3 | ☐ Fel | ☐ Misd | 58 UCR Code | 59 Charge - 4 | ☐ Fel | ☐ Misd | 60 UCR Code |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 61 State Code/Local Ordinance | 62 Warrant # | 63 Date Issued | 64 State Code/Local Ordinance | 65 Warrant # | 66 Date Issued |
|---|---|---|---|---|---|
| | | | | | |

| 67 Arrest Disposition | 68 If Out On Release What Type? | 69 Arrested with (1) Accomplice (Full Name) |
|---|---|---|
| ☒ Held ☐ Bail ☐ Released | ☐ Tot - LE ☐ Other | |
| | | 70 Arrested with (2) Accomplice (Full Name) |

## VEHICLE

| 71 VYR | 72 VMA | 73 VMO | 74 VST | 75 VCO | Top | 76 Tag # | 77 LIS | 78 LIY |
|---|---|---|---|---|---|---|---|---|
| | | | | | Bottom | | | |

| 79 VIN | 80 Impounded? | 81 Storage Location/Impound # |
|---|---|---|
| | ☐1 Yes ☐2 No | |

| 82 Other Evidence Seized/Property Seized | ☐ Continued in Narrative |
|---|---|
| | |

## JUVENILE

| 83 Juvenile Disposition: | ☐1 Handled and Released ☐3 Ref. to Juvenile Court | ☐5 Ref. to Welfare Agency ☐4 Ref. to Other Police Agency | ☐6 Ref. to Adult Court | 84 Released To |
|---|---|---|---|---|
| | | | | |

| 85 Parent or Guardian (Last, First, Middle Name) | 86 Address (Street, City, State, Zip) | 87 Phone ( ) |
|---|---|---|
| | | |

| 88 Parents Employer | 89 Occupation | 90 Address (Street, City, State, Zip) | 91 Phone ( ) |
|---|---|---|---|
| | | | |

## RELEASE

| 92 Date and Time of Release | 93 Releasing Officer Name | 94 Agency/Division | 95 ID # |
|---|---|---|---|
| ☐1 AM ☐2 PM ☐ MIL | | | |

| 96 Released To | 97 Agency/Division | 98 Agency Address |
|---|---|---|
| | | |

| 99 Personal Property Released to Arrestee | 100 Property Not Released/Held At: | 101 Property # |
|---|---|---|
| ☐1 Yes ☐2 No ☐3 Partial | | |

| 102 Remarks (Note Any Injuries at Time of Release) |
|---|
| |

| | Local Use |
|---|---|
| | State Use |

| 103 Signature of Receiving Officer | 104 Signature of Releasing Officer |
|---|---|
| | |

| MULTIPLE CASES CLOSED | 105 Case # | 106 SFX | 107 Case # | 108 SFX | 109 Case # | 110 SFX | MULTIPLE CASES CLOSED NARRATIVE ☐ Y ☐ N |
|---|---|---|---|---|---|---|---|
| | | | | | | 111 | |

| 112 Arresting Officer (Last, First, M.) | 113 ID # | 114 Arresting Officer (Last, First, M.) | 115 ID # | 116 Supervisor | 117 Watch Cmdr. |
|---|---|---|---|---|---|
| CPL. MANO, DAVID C. | 4340 | | | DINGLER ID # 4314 | PITTS ID # 4311 |

TYPE OR PRINT IN BLACK INK ONLY

ACJIC - 11-06

**Exhibit 2**
**Lee County Sheriff's Office Inmate Booking Sheets for**
**Ira C. Todd**

```
10/03/2007    02:29:55          INMATE BOOKING SHEET                    PAGE    1
===============================================================================
BOOKING NO: 070002256

INMATE NAME: TODD IRA CASEY                        RACE: B      SEX: M
      ALIAS:                                         HT: 5'11"  HAIR: BLK
      ALIAS:                                         WT: 180    EYES: BRO
    ADDRESS: 108 RAY AVE.                       COMPLEX: DRK
 CITY/ST/ZIP: OPELIKA, AL 36801                     SSN: 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
 HOME PHONE: 334-749-3744                         DL ST:        DLN:
        DOB: 05/28/1964   AGE:  43                  SID:
 PLCE BIRTH: OPELIKA                              LOCID: 12635
      STATE: AL
  M. STATUS:
   RELIGION: BAPTIST
 GANG ASSOC:
SCARS/TATTOOS: SCAR ON LEFT ARM
KNOWN ENEMIES: NONE CLAIMED
     REMARKS:
-------------------------------- NEXT OF KIN ----------------------------------
 NEXT OF KIN: BARBARA  HARRIS               RELATIONSHIP: AUNT
     ADDRESS: 503 MAPLE CIR                        PHONE: 334-749-3744
 CITY/ST/ZIP: OPELIKA, AL 36801
     REMARKS:
------------------------------- EMPLOYER INFO ---------------------------------
    EMPLOYED: N
EMPLOYER NAME: N
     ADDRESS: N
 CITY/ST/ZIP: N, N
       PHONE: 000-000-0000
--------------------------------- MEDICAL -------------------------------------
  HANDICAPPED: N   NEEDS: N
     GLASSES: N   SMOKE: Y
MEDICAL NEEDS: N   NEEDS: N
   PHYSICIAN: N                          PHONE: 000-000-0000
     REMARKS:

     REMARKS:
     REMARKS:
-------------------------------- PROPERTY -------------------------------------
        CASH:        $64.26           11.00
 DESCRIPTION:
ADD. PROPERTY: WALLET, LIGHTER, RING, BELT, KNIFE, CHAPSTICK
ADD. PROPERTY: Watches & Phone book flaslighter
ADD. PROPERTY:        2 lighter hat
  BIN NUMBER: 314
VEH IMPOUNDED:
 IMPOUND LOT:
     REMARKS:
     REMARKS:
===============================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE:_____   DATE:_____   TIME:_____

BOOK OFFICER:_____   DATE:_____   TIME:_____
```

```
10/03/2007   02:29:55          LEE COUNTY SHERIFF OFFICE          PAGE    2
                                INMATE BOOKING SHEET
==============================================================================
BOOKING NO: 070002256     INMATE NAME: TODD IRA CASEY
==============================================================================
         COURT:                      ATTORNEY ON REC:
         JUDGE:                            PHONE: 000-000-0000
       REMARKS:
       REMARKS:
------------------------------------------------------------------------------
   BOOK DATE: 05/04/2007   BOOK TIME: 16:02   BOOK TYPE: NORMAL

  ARREST DATE: 05/04/2007      BOOKING OFFICER: COWHICK
  ARREST DEPT: APD            CELL ASSIGNMENT: ESCAPED (  HC 4 )
ARRST OFFICER: APD                 MEAL CODE: 05  AUBURN PD
PROJ. RLSDATE: 10/27/2007           FACILITY: 01  COUNTY JAIL
 SEARCH OFFCR: PEAVY           CLASSIFICATION:
  TYPE SEARCH: PAT             WORK RELEASE: N
INTOX RESULTS:

        HOLDS: Y
       AGENCY: OPD          REASON:
       AGENCY:              REASON:
       AGENCY:              REASON:
       AGENCY:              REASON:

        NOTES:
        NOTES:
        NOTES:
```

**Exhibit 3**
**Inmate Charge Sheet for Ira C. Todd**
**dated October 3, 2007**

```
10/03/2007    02:29:55          LEE COUNTY SHERIFF'S OFFICE            PAGE    3
                                INMATE CHARGE SHEET
===============================================================================
BOOKING NO: 070002256      INMATE NAME: TODD IRA CASEY
===============================================================================
   CHARGE NO:  1  DISPOSITION: RELEASED          HOLD: N

ALA STATUTE: MCO 7-66279                # OF COUNTS:   1
      OFFENSE: THEFT III                 WARRANT #:
        CASE #: MCO 7-66279
     BOND AMT: 180 DAYS                       FINE:        $0.00
     BAIL AMT:
  INIT APPEAR: 00/00/0000            SENTENCE DATE: 07/13/2007
  RELEASE DTE: 09/05/2007
  ARREST DATE: 05/04/2007              ARST AGENCY: APD
  ARST OFFICR:                             COUNTY: LEE
        COURT: AUBURN                        JUDGE: BAILEY
  DEF ATTORNY:                       DIST ATTORNEY:
     COMMENTS: STATUS HEARING 9-6-07
     COMMENTS:
     COMMENTS:
-------------------------------------------------------------------------------
   CHARGE NO:  2  DISPOSITION: SENTENCED         HOLD: N

ALA STATUTE: MCNO 700659                # OF COUNTS:   1
      OFFENSE: TOP III                   WARRANT #:
        CASE #: MCNO 700659
     BOND AMT: 180 DAYS                       FINE:        $0.00
     BAIL AMT:
  INIT APPEAR: 00/00/0000            SENTENCE DATE: 06/20/2007
  RELEASE DTE: 12/20/2007
  ARREST DATE: 06/19/2007              ARST AGENCY: OPD
  ARST OFFICR: HENDERSON                    COUNTY: LEE
        COURT: BRENDA STINSON                JUDGE: MORGAN
  DEF ATTORNY:                       DIST ATTORNEY:
     COMMENTS:
     COMMENTS:
     COMMENTS:
-------------------------------------------------------------------------------
   CHARGE NO:  3  DISPOSITION: SENTENCED         HOLD: N

ALA STATUTE: DC05 2076                  # OF COUNTS:   0
      OFFENSE: FTA: RECKLESS ENDANGERMENT WARRANT #:
        CASE #: DC05 2076
     BOND AMT: 58 DYS                         FINE:        $0.00
     BAIL AMT:
  INIT APPEAR: 00/00/0000            SENTENCE DATE: 08/30/2007
  RELEASE DTE: 10/27/2007
  ARREST DATE: 08/22/2007              ARST AGENCY: LCSO
  ARST OFFICR: MENNIFIELD                   COUNTY: LEE
        COURT: DISTRICT                      JUDGE: BUSH
  DEF ATTORNY:                       DIST ATTORNEY:
     COMMENTS: 5.00 A DAY TOTAL FINE 291.20 = 58 DAYS
     COMMENTS:
     COMMENTS:
-------------------------------------------------------------------------------
```

```
10/03/2007    02:29:55              INMATE CHARGE SHEET                    PAGE    4
===============================================================================
BOOKING NO: 070002256      INMATE NAME: TODD IRA CASEY
===============================================================================
    CHARGE NO:   4  DISPOSITION: OPEN                HOLD: N

ALA STATUTE: TOP III                    # OF COUNTS:    1
    OFFENSE: TOP III                      WARRANT #:
       CASE #:
    BOND AMT: 500.00                           FINE:       $0.00
    BAIL AMT:
 INIT APPEAR: 00/00/0000            SENTENCE DATE: 00/00/0000
 RELEASE DTE: 00/00/0000
 ARREST DATE: 10/02/2007              ARST AGENCY: OPD
 ARST OFFICR:                             COUNTY: LEE
       COURT: OPELIKA MUC                  JUDGE: BAILEY
 DEF ATTORNY:                       DIST ATTORNEY:
    COMMENTS:
    COMMENTS: COURT JAN 16,2008
    COMMENTS:
-------------------------------------------------------------------------------
    CHARGE NO:   5  DISPOSITION: OPEN                HOLD: N

ALA STATUTE: POSS OF DRUG PARAP         # OF COUNTS:    1
    OFFENSE: POSS OF DRUG PARAP           WARRANT #:
       CASE #:
    BOND AMT: 500.00                           FINE:       $0.00
    BAIL AMT:
 INIT APPEAR: 00/00/0000            SENTENCE DATE: 00/00/0000
 RELEASE DTE: 00/00/0000
 ARREST DATE: 10/02/2007              ARST AGENCY: OPD
 ARST OFFICR:                             COUNTY: LEE
       COURT: OPELIKA MUC                  JUDGE: MORGAN
 DEF ATTORNY:                       DIST ATTORNEY:
    COMMENTS:
    COMMENTS:
    COMMENTS: COURT 01/16/08
-------------------------------------------------------------------------------
```

**Exhibit 4**
**Lee County Sheriff's Office Inmate Charge Sheet for**
**Ira C. Todd dated November 15, 2007**

```
                            LEE COUNTY SHERIFF'S OFFICE                      PAGE
11/15/2007      02:35:17            INMATE CHARGE SHEET                         6
========================================================================
BOOKING NO: 070002256        INMATE NAME: TODD IRA CASEY
========================================================================
    CHARGE NO:   6  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: 13A-10-33                # OF COUNTS:    1
    OFFENSE: ESCAPE III               WARRANT #: 0709-2132
     CASE #: DC 07-2296
   BOND AMT: 2000.00                         FINE:       $0.00
   BAIL AMT: 2000.00
INIT APPEAR: 11/14/2007          SENTENCE DATE:
RELEASE DTE:
ARREST DATE: 10/03/2007          ARST AGENCY: LCSO
ARST OFFICR: MAYO, D                  COUNTY: LEE
      COURT: DISTRICT                  JUDGE: BUSH
DEF ATTORNEY:                    DIST ATTORNEY:
   COMMENTS:
   COMMENTS:  BOND REDUCED TO $2,000.00 BOND
   COMMENTS:
-------------------------------------------------------------------------
OFFENSE TYPE:   -
LEGAL STATUS:   -
       NOTES:
       NOTES:
       NOTES:


            Bonded Out:                 Preliminary Hearing:
Waived/Bound Over to GJ:                          Indicted:
              Arraigned:                       Guilty Plea:
    Plea on Information:                     Guilty Verdict:
      Not Guilty Verdict:                        Dismissed:
            Bond Revoked:                  Bond Reinstated:
       Awaiting Probation:               Probation Revoked:
     Probation Reinstated:              Court Ordered Rehab:
      Returned from Rehab:                   Sent to D.O.C.:
```

**Exhibit 5**
**Committal to Custody Form in the matter of the City**
**of Opelika vs. Ira Todd dated June 20, 2007**

STATE OF ALABAMA
UNIFIED JUDICIAL SYSTEM
LEE COUNTY FORM CC-30

## COMMITTAL TO CUSTODY

IN THE _Municipal_ COURT OF _Opelika_

LEE COUNTY, ALABAMA

CASE NO. _MC No 700659_

CASE NUMBER

YR _____  Case No.

_City of Opelika_
PLAINTIFF,

VS.

_Ira Todd_
DEFENDANT.

The defendant, _Ira Todd_ _____ is

hereby committed to the custody of the Sheriff of Lee County, Alabama for: _TOP UI_

_180 Days_    Release Date _12-20-2007_

Defendant's bond is hereby set at $ _____

DONE this the _20th_ day of _June_, _2007_.

_Gregory Morgan - B 345504_
JUDGE

**Exhibit 6**
**Committal to Custody Form in the matter of the City**
**of Auburn vs. Ira Todd dated July 13, 2007**

STATE OF ALABAMA
UNIFIED JUDICIAL SYSTEM
LEE COUNTY FORM CC-30

## COMMITTAL TO CUSTODY

### CASE NUMBER

| ID | YR | Case No. |
|----|----|----------|

City of Auburn,
PLAINTIFF,

VS.

Ira Todd
DEFENDANT.

IN THE ___Municipal___ COURT OF

LEE COUNTY, ALABAMA

CASE NO. MCO 7-66279

180 days

The defendant, ___Ira Todd___ is ___Status hearing 9-6-7___

hereby committed to the custody of the Sheriff of Lee County, Alabama for:

___theft 3rd___

Defendant's bond is hereby set at $ _____

DONE this the ___13th___ day of ___July___, 2007

_____
JUDGE

**Exhibit 7**
**Committal to Custody Form in the matter of City of**
**Opelika vs. Ira Todd dated October 10, 2007**

STATE OF ALABAMA
UNIFIED JUDICIAL SYSTEM
UNITE COUNTY FORM CC-30
LEE

**COMMITTAL TO CUSTODY**

ID    YR    Case No.

City of Opelika
PLAINTIFF,

VS.

Fred Field
DEFENDANT.

IN THE _____ COURT OF _____

LEE COUNTY, ALABAMA

CASE NO. _____

*
*
*
*
*
*
*

The defendant, Fred Field, is
hereby committed to the custody of the Sheriff of Lee County, Alabama for:

10 th _____

Defendant's bond is hereby set at $ _____

DONE this the 10th day of Oct _____, 2007

Mellisa Bate 1-10-08

Kenneth Wilkes
JUDGE

16

**Exhibit 8**
**Order of Release from Jail regarding Ira Casey Todd**
**dated October 30, 2007**

State of Alabama
Unified Judicial System

Form C-42    Rev 6/88

IN THE _____ District _____ COURT OF _____ Lee County _____ COUNTY

STATE OF ALABAMA

v.

_____ Eric Casey Tubb _____

**ORDER OF RELEASE FROM JAIL**

Case Number _____ DC-07-2076 _____

TO THE JAILER WITH CUSTODY OF THE DEFENDANT

You are ordered to release from your custody the above named defendant, charged with the offense of _____

Reason for Release _____

Date _____ 20 October 2007 _____    Judge/Clerk _____    By: _____

COURT RECORD   (Original)      JAILER   (Copy)          Judge/Clerk

**Exhibit 9**
**Committal to Custody Form in the matter of State of Alabama vs. Ira Casey Todd dated February 21, 2008**

STATE OF ALABAMA
UNIFIED JUDICIAL SYSTEM
LEE COUNTY FORM CC-30

COMMITTAL TO CUSTODY

CASE NUMBER

ID        YR        Case No.

State of Alabama

PLAINTIFF,

VS.

Ma Casey Todd

DEFENDANT.

IN THE _____ COURT OF

LEE COUNTY, ALABAMA

CASE NO. CC-08-149.00

*  *  *  *  *  *  *  *  *  *

The defendant, Ma Casey Todd _____, is

hereby committed to the custody of the Sheriff of Lee County, Alabama for:

- Stage III Sentenced to 24 months in State Penitentiary
- Sail credit 148 days. Bond Reduced $2000
- Conservices

Defendant's bond is hereby set at $ 2000

DONE this the 21st day of February 2008

Probation Hearing 4/24/08 9:00

_____
JUDGE

If defendant picks bond + to complete $775

**Exhibit 10**
**Lee County Sheriff's Office Policy and Procedure**
**Manual for the operation of the Lee County Detention**
**Center Section 11 "Health Care Services", Title 11.02**
**"Medical Program Objectives"**

| | |
|---|---|
| **HEALTH CARE SERVICES** | **SECTION 11** |
| **Medical Program Objectives** | **Title 11.01** |

*Policy*

It is the policy of the Lee County Sheriff's Department that all inmates confined in the Lee County Detention Center are entitled to a level of health care comparable to that available to citizens in the surrounding community which will ensure their physical and emotion well-being.

*Procedure*

1.  Medical care rendered to inmates in the Lee County Detention Center will be delivered under the direction of a licensed health care provider.

2.  No health care personnel or Detention Center officer or other employee of the Sheriff's Department will ever summarily or arbitrarily deny an inmate's reasonable request for medical services.

3.  Medical, dental, and mental health matters involving clinical judgments are the sole province of the responsible physician, dentist, or psychiatrist or qualified psychologist, respectively.

4.  Inmates will be guaranteed access to all diagnostic, laboratory, or other treatment services as directed by the responsible health care authority.

**By Order of:**

Jay M. Jones, Sheriff
**Effective Date:** 01-01-2000

**LEE COUNTY SHERIFF'S DEPARTMENT**

| | |
|---|---|
| HEALTH CARE SERVICES | SECTION 11 |
| <u>Consent for Medical Treatment</u> | Title 11.02 |

<u>*Policy*</u>

It is the policy of the Lee County Sheriff's Department that no inmate be given medical treatment without his authorization unless a life-threatening emergency exists or the inmate is considered mentally incompetent by the court and is in danger of harming himself or others.

<u>*Procedure*</u>

1. During the booking process, each inmate will be requested to sign a medical authorization form.

2. If an inmate refuses to sign a medical authorization form, it will be noted on the form and no medical services, other than emergency life saving procedures, will be offered.

3. No member of the Detention Center staff will explain any risks or consequences involved in any medical procedure to an inmate. The responsibility for this explanation rests solely with the health care provider.

4. Inmates have a right to refuse medical treatment at any time.

5. If an inmate refuses to accept medication or medical treatment, the officer receiving such a refusal should cause the inmate to sign a Medication Refusal Form noting the refusal of medical care. Inmates who refuse medical treatment should be immediately referred to the Detention Center nurse. The consequences of their refusal will be explained to such inmates by the nurse, and the refusal and subsequent procedures documented. If the inmate refuses to sign a Medication Refusal Form, the member of the Detention Center staff receiving the refusal should record that action on the form and follow the same steps as if the inmate had signed. All documentation of refusals of treatment should be made a part of the appropriate inmate's Detention Center file.

**By Order of:**

*Jay M. Jones*

Jay M. Jones, Sheriff
Effective Date: _____01-01-2000_____

| Reference Forms: | 2 | Booking Sheet |
|---|---|---|
| | 13 | Medication Refusal Form |

| HEALTH CARE SERVICES | SECTION 11 |
|---|---|
| <u>Health Appraisal of Inmates</u> | Title 11.03 |

## <u>Policy</u>

It is the policy of the Lee County Sheriff's Department that health appraisal data for each inmate be collected in order to properly classify inmates, promote awareness of and respond to their medical conditions and maintain adequate records of each inmate's health status.

## <u>Procedure</u>

1.  The Booking Officer will conduct a health screening during the booking process and complete a health screening form.

2.  The completed form, after being signed by the inmate, will be placed in the inmate's file.

3.  An inmate incarcerated for seven days or longer will have a Health History taken by a member of the Detention Center staff. The completed form will be placed in the inmate's file.

**By Order of:**

Jay M. Jones, Sheriff
**Effective Date:** 01-01-2000

| Reference Forms: | 2 | Booking Sheet |
|---|---|---|
| | 9 | Health History |

# LEE COUNTY
# SHERIFF'S DEPARTMENT

| | |
|---|---|
| **HEALTH CARE SERVICES** | **SECTION 11** |
| **Inmate Requests for Health Care Services** | **Title 11.04** |

*Policy*

It is the policy of the Lee County Sheriff's Department to allow inmates incarcerated in the Lee County Detention Center to request health care services at any time.

*Procedure*

1.  Two methods may be utilized by inmates incarcerated in the Lee County Detention Center in order to secure health care services:

    a.  <u>Verbal Request</u>:  An inmate may make a verbal request for emergency medical attention to any member of the Detention Center staff at any time.

    b.  <u>Written Request</u>:  An inmate in need of any type of medical attention may complete an Inmate Request form seeking medical attention and forward it to any member of the Detention Center staff.

2.  Requests for medical treatment will be accepted by members of the Detention Center staff at any time.

3.  When a request for medical treatment is made to a member of the Detention Center staff, the staff member receiving the request will notify the Shift Supervisor of the inmate's request.  It is the Shift Supervisor's responsibility to ensure that the inmate's request is attended to in a prompt and proper manner.  Any doubt as to whether an actual need exists for medical treatment shall be resolved in favor of the inmate and medical treatment will be offered.

4.  Medical requests of an emergency nature will be handled immediately.

5.  As part of the booking process, inmates will be informed of the methods by which they may maintain medical treatment during the booking process.

6.    The Detention Center nurse, under the direction of the Detention Center Administrator, is charged with the responsibility of obtaining appointments for inmates with physicians in order that they may receive medical treatment or for scheduling times when the treating physician may attend to health care needs at the Detention Center.

7.    All health care rendered to inmates will, at the doctor's discretion, be given privately to the inmate, outside the presence of a Detention Center official.   Should the physician request, a Detention Center officer will be present for any and all examinations the treating physician deems appropriate.

8.    A Detention Center officer will complete a Record of Medical Examination Form each time an inmate utilizes the services of a health care provider not affiliated with the Detention Center.   The officer should ensure that the form is reviewed by the provider, signed, and returned to the inmate's file.

**By Order of:**

Jay M. Jones, Sheriff
**Effective Date:** _____ 01-01-2000

| Reference Forms: | 8 | Inmate Request Form |
|---|---|---|
| | 11 | Record of Medical Examination |

LEE COUNTY
# SHERIFF'S DEPARTMENT

| | |
|---|---|
| **HEALTH CARE SERVICES** | **SECTION 11** |
| **Emergency Medical Service** | **Title 11.05** |

*Policy*

It is the policy of the Lee County Sheriff's Department to utilize all available emergency medical services within the community on a 24-hour basis for the emergency medical needs of persons incarcerated in the Lee County Detention Center.

*Procedure*

1.  During an emergency situation, any member of the Detention Center staff is authorized to notify appropriate emergency medical services and requests treatment for an inmate.

2.  During a medical emergency, emergency medical technicians or other appropriate health care providers will be summoned to the Detention Center and, if they or the treating physician deem necessary, the inmate will be transported to the Emergency Room of the Lee County Hospital or other appropriate location for emergency care.

3.  An Incident Report and Record of Medical Examination Form should be completed reflecting the circumstances of each such occurrence.


**By Order of:**

Jay M. Jones, Sheriff
**Effective Date:** 07-01-2000

**Reference Forms:** 10    **Incident Report**
11    **Record of Medical Examination**

# LEE COUNTY
# SHERIFF'S DEPARTMENT

| | |
|---|---|
| **HEALTH CARE SERVICES** | **SECTION 11** |
| <u>Non-Emergency Transportation</u> | **Title 11.06** |

<u>*Policy*</u>

It is the policy of the Lee County Sheriff's Department to transport inmates to appropriate medical facilities for non-emergency care in a manner which is safe and secure and does not endanger the inmate's health or medical condition.

<u>*Procedure*</u>

1.    A Shift Supervisor may, at any time, order that an inmate be transported to a hospital, doctor's office, dentist's office, or other location where health care may be provided on a non-emergency basis.

2.    The Detention Center officer receiving the order to make arrangements for such transportation will contact a Shift Supervisor in order to have a transport officer take the inmate to the proper location.

3.    All medical records and forms within the Detention Center shall accompany the inmate to the health care provider and be made available to the provider.

4.    The name of the inmate transported and the time of leaving from and arriving back at the Detention Center should be noted on the Detention Center log.

**By Order of:**

Jay M. Jones, Sheriff
**Effective Date:** _____ 01-01-2000

| HEALTH CARE SERVICES | SECTION 11 |
|---|---|
| **Meal and Food Refusals** | Title 11.07 |

## *Policy*

It is the policy of the Lee County Sheriff's Department that members of the Lee County Detention Center staff monitor the medical and psychological well-being of the inmates incarcerated in the Lee County Detention Center as manifested by the choice of an inmate to refuse food offered to him.

## *Procedure*

1.   Detention Center officers should observe inmates during meal times in order that they may note a change in eating patterns and whether an inmate has refused food due to a hunger strike or has begun skipping meals due to depression or some other reason.

2.   In the event that an inmate does not eat for two consecutive meals, he should be transported to see a physician at the next available appointment time.  The inmate should be observed closely until normal eating patterns resume.

3.   The inmate will be seen by a physician thereafter on a schedule established by the physician.

4.   Documentation should be made on an Incident Report of the inmate's original refusal to accept food and each subsequent refusal.

5.   In addition, observations should be recorded on the Incident Report stating whether the inmate is giving food away, receiving food from other inmates, or eating commissary foods instead of normal Detention Center meals.  If the inmate is fasting or on a hunger strike, documentation should be made of whether beverages are being consumed.

6.   Mental health authorities should be notified of any such behavior demonstrated by any inmate on the first day that such behavior is noted.  Thereafter, the inmate should be seen by the appropriate mental health authorities according to a schedule recommended by those authorities.

By Order of:

Jay M. Jones, Sheriff
Effective Date:    01-01-2000

Reference Forms:    10    Incident Report

| HEALTH CARE SERVICES | SECTION 11 |
|---|---|
| **Personal Physician/Dentist, Prosthetic Devices, Eye Glasses** | **Title 11.08** |

## *Policy*

It is the policy of the Lee County Sheriff's Department to work closely with the private health care providers of inmates incarcerated in the Lee County Detention Center where possible and to allow persons incarcerated their access to prosthetic devices and eye glasses in order to ensure the inmates' health and dignity and the security of the institution.

## *Procedure*

1. *Personal Physician/Dentist:* An inmate may request to see his personal physician or dentist by submitting an Inmate Request Form. The officer who receives such a request will:

   a. Refer the request to the Chief Deputy Sheriff for approval.

   b. If the Chief Deputy Sheriff refuses the request, he will state the reasons for so refusing and transmit these reasons to the inmate.

   c. If the request is approved by the Chief Deputy Sheriff, the Shift Supervisor on duty will contact the inmate's personal health care provider and make necessary arrangements for an appointment.

   d. The usual transportation procedure will be used in order to take the inmate to the health care provider and the inmate's Detention Center medical records will be transported along with the inmate.

   e. The inmate himself is totally responsible for all expenses incurred in the visit to a private health care provider and must have visit cost either prepaid or have the ability to pay on hand at the time of his appointment. Billing or accounts will not be acceptable.

   f. All indigent inmates will be treated by the health care providers normally utilized by the facility.

g.   The Chief Deputy Sheriff may refuse to allow an inmate access to his personal health care providers for reasons of security, distance of travel, or for any other legitimate penalogical or logistical reason.

2.   *Prosthetic Devices:*   Inmates who are admitted to the Lee County Detention Center wearing or using prosthetic devices, such as artificial limbs, crutches, or canes, will have those devices searched.  The ranking officer on duty will be notified when an inmate is admitted or returned from the hospital with a prosthetic device and the officer will take the following steps:

a.   Inspect the device and review the inmate's file to determine whether or not the device itself or the inmate's history and behavior with the device will pose any security risk.  If so, he will consult with the facility physician in order to determine the inmate's medical need for the device.  If the physician orders that the device remain with the inmate and/or the inmate be placed in administrative segregation, that order will be followed.  If the physician decides that the inmate's health will not be jeopardized by the removal of the device during confinement, the device will be removed, tagged, and stored.  The ranking officer will then determine whether administrative segregation is necessary.

b.   Devices will be provided as deemed necessary to maintain health.

3.   *Eye Glasses:*  An inmate who requests eye glasses will:

a.   See the facility physician at the next available appointment time to have his need evaluated.

b.   If ordered by the facility physician, the inmate will be transported to an optometrist.

c.    The inmate will be billed for the optometric examination and eyeglasses. If the inmate is indigent, he will be supplied information regarding the Lions Club fund for indigent people. The inmate will be responsible for contacting the Lions Club.

d.    If an inmate's eyeglasses are accidentally broken during regular Detention Center activity, an Incident Report will be written immediately by the officer participating in or discovering the incident. This Incident Report will be forwarded to the Chief Deputy Sheriff. The report will be reviewed and the decision to repair the eyeglasses will be made on an individual basis.

e.    Replacement or repair of eyeglasses that are broken intentionally or during an altercation will be the responsibility of the inmate.

**By Order of:**

Jay M. Jones, Sheriff
**Effective Date:** _____ 01-01-2003

Reference Forms:    **8**    **Inmate Request Form**
                    **10**   **Incident Report**

| HEALTH CARE SERVICES | SECTION 11 |
|---|---|
| **Pharmaceutical Management** | Title 11.09 |

## Policy

It is the policy of the Lee County Sheriff's Department that persons incarcerated in the Lee County Detention Center be entitled to safe dispensation and administration of prescription and non-prescription medication.

## Procedure

A.  *Obtaining Medication*

1.  If an inmate is admitted to the Detention Center who states he is receiving prescribed medication but does not have that medication with him, he will be given the opportunity to have that medication brought to the Detention Center by a friend or family member.

2.  If an inmate being booked into the Detention Center states that he is receiving prescription medication but does not have his supply of medication with him or cannot obtain it from outside sources, the inmate's health care provider will be contacted by the Shift Supervisor in order to obtain a replacement prescription. If advised to do so by the health care provider, the inmate will be taken to the facility's health care provider in order to be examined.

3.  All medication which is prescribed for an inmate by his health care provider during the term of the inmate's incarceration will be obtained by the Sheriff's Department and distributed to the inmate according to his doctor's directions.

B.  *Medication Receipt*

1.  Upon receiving non-prescription medication, the officer purchasing that medication will deliver the invoice and/or receipt to the Shift Supervisor who will file it appropriately.

2.  For all prescription medications, a copy of the prescription label and a receipt or invoice from the pharmacy or a copy of these documents will be placed in the inmate's file for whom the prescription was ordered.

C.     *Storage*

1.     All medications, both prescription and non-prescription, as well as any dispensing devices, such as syringes, will be stored in a locked area of the Detention Center.

2.     The Shift Supervisor shall be the only Detention Center officer having access to the medication locker. Keys to the locker must be kept on the person of the Shift Supervisor during his or her shift and transferred to the oncoming Shift Supervisor or senior officer on duty for the next shift.

D.     *Distribution of Medication*

1.     No medication should be dispensed from any container that is not legibly labeled with a proper pharmaceutical label as set out in Procedure B set out above.

2.     No medication should be changed from one bottle to another.

3.     No medication should be left with an inmate. The Detention Center officer distributing the medication should observe ingestion.

4.     When distributing medications dispensed in pill or capsule form, the Detention Center officer should require the inmate to consume at least four ounces of water along with the medication to ensure ingestion. If the Detention Center officer is in doubt as to whether the inmate has actually ingested the medication, he should require the inmate to speak to him and to raise his tongue in order that the Detention Center officer may observe the inside of the inmate's mouth.

5.     A record should be kept reflecting the type of medication distributed to an inmate, the time the inmate received the medication, the initials of the Detention Center official dispensing the medication and the inmate's initials or signature acknowledging receipt. Such records should be placed in the inmate's Detention Center file. Non-prescription medication should be made available to inmates upon request and should be dispensed in the same manner as prescription medication, including recording dispensation on a medication log.

6.     The taking of medications by an inmate is strictly voluntary. Any inmate has the right to refuse to take medication for any reason and this refusal will be respected. When an inmate refuses to take a scheduled medication, it is to be noted on the medication log

sheet and an Incident Report form should be completed by the officer in charge who should list the reasons for the inmate's refusal, sign the form himself and have the inmate sign the form or note that the inmate refused to sign the form.

7.      Under no circumstances should any inmate, whether a trusty or otherwise, be allowed to dispense medication of any kind to any other inmate at any time.


**By Order of:**

Jay M. Jones, Sheriff
**Effective Date:** _____ 01 - 01 - 2000 _____


**Reference Forms:**        9        **Incident Report**
                          12       **Medication Log**
                          13       **Medication Refusal Report**

# LEE COUNTY
# SHERIFF'S DEPARTMENT

| HEALTH CARE SERVICES | SECTION 11 |
|---|---|
| Narcotic Withdrawal | Title 11.10 |

**Policy**

It is the policy of the Lee County Sheriff's Department that the staff of the Lee County Detention Center observe inmates for signs of narcotic withdrawal in order to obtain appropriate treatment for those inmates.

**Procedure**

1.  All inmates who, either by history assessment or by behavior, are noted to have heavy and/or prolonged drug use shall be observed for signs and symptoms of narcotic withdrawal. Detention Center officials should seek to observe and note the following conditions:

    a.  During the first 8 to 16 hours, no symptoms may be present.

    b.  During the next 16 to 48 hours, inmates may display symptoms such as yawning, sweating, insomnia, dilated pupils, goose flesh, twitching of the muscles, or severe aches in their backs, legs, or abdomens.

    c.  During the next 36 hours, nausea, vomiting and/or diarrhea may be noted.

    d.  All the above symptoms should peak about 48 to 72 hours and decline over the next 7 to 10 days.

2.  Should any inmate be observed experiencing the above symptoms, a physician should be contacted for orders and an Incident Report should be completed.

**By Order of:**

Jay M. Jones, Sheriff
**Effective Date:** _____ 01-01-2000

**Reference Form:** 10   Incident Report

| HEALTH CARE SERVICES | SECTION 11 |
|---|---|
| **Dental Care** | **Title 11.11** |

## *Policy*

It is the policy of the Lee County Sheriff's Department that inasmuch as dental health directly affects an individual's total health and medical status, inmates of the Lee County Detention Center shall receive the dental care deemed necessary by the facility physician under the direction of a dentist licensed to practice in the State of Alabama.

## *Procedure*

A. *Regular Dental Care*

1. All inmates who are scheduled to remain in the Lee County Detention Center at least 7 days or who do remain there for a period of time in excess of 7 days shall have a Health History Form completed.

2. All inmates will be issued a toothbrush and toothpaste upon admission.

B. *Emergency/Urgent Treatment*

1. Dental care is available for those inmates who experience an acute dental problem such as severe pain, infection, trauma, or broken prosthesis necessary for eating. Depending on the urgency of the situation, an appointment will be made for the inmate at the next available time with the facility physician or he will be transported to the dentist for an emergency visit.

2. Inmates may also be transported to a dentist for treatment upon the order of the facility physician at any time.

3. Dental health matters involving clinical judgments are the sole province of the responsible physician.

4.    A Record of Medical Examination Form should be completed for each dental treatment.


**By Order of:**

Jay M. Jones, Sheriff
**Effective Date:** _____ 07-01-2000_____

| Reference Forms: | 9 | **Health History Form** |
| | 11 | **Record of Medical Examination** |

**LEE COUNTY SHERIFF'S DEPARTMENT**

| | |
|---|---|
| **HEALTH CARE SERVICES** | **SECTION 11** |
| <u>**Mental Health Care Services**</u> | **Title 11.12** |

<u>*Policy*</u>

It is the policy of the Lee County Sheriff's Department that mental health care services be made available to persons incarcerated in the Lee County Detention Center.

<u>*Procedure*</u>

1.    All mental health care services made available to inmates at the Lee County Detention Center will be coordinated through the Lee County Mental Health Department.

2.    Services which may be provided include, but are not limited to:

      a.    initial intake interview;
      b.    crisis counseling;
      c.    individual counseling;
      d.    group counseling;
      e.    community referrals; and
      f.    drug and alcohol counseling and referrals.

3.    Services may be obtained by:

      a.    inmate request;
      b.    referral through health services screening processes;
      c.    referral from law enforcement or Detention Center officers; and
      d.    referral from an outside therapist or other agency.

4.    Through the intake interview, counseling sessions, and from information shared among the Detention Center staff, Detention Center officers shall seek to identify inmates who are in need of mental health services. Thereafter, they may refer the inmate to the Lee County Mental Health Department, or another facility, such as Alcoholics Anonymous, veterans groups, or other appropriate organizations who may counsel with the inmate at the Detention Center. When inmates would benefit from the services which may not be provided at the Detention Center, the Shift Supervisor may make referrals to other agencies.

5.   Members of the Detention Center staff shall encourage inmates to attend in-house programs and to contact any service agency they believe would benefit them. When possible, members of the staff may assist inmates in contacting outside agencies.

6.   The Detention Center staff should encourage visits between representatives of social service agencies and inmates.

7.   Members of the Detention Center staff should also encourage inmates to continue using community service organizations after release from the Lee County Detention Center.

8.   A Record of Medical Examination Form should be completed for every visit by or to a mental health care service or professional.


**By Order of:**

Jay M. Jones, Sheriff
**Effective Date:**     01-01-2000

**Reference Form:**     **11**     **Record of Medical Examination**

LEE COUNTY
SHERIFF'S DEPARTMENT

| | |
|---|---|
| **HEALTH CARE SERVICES** | **SECTION 11** |
| **Medical Records** | **Title 11.13** |

## Policy

It is the policy of the Lee County Sheriff's Department that, at any time an inmate incarcerated in the Lee County Detention Center receives medical treatment from a health care provider, a record be made of the rendering of treatment and other pertinent information and that this be placed in the inmate's Detention Center file

## Procedure

1.  *Request Forms:*  All inmate request forms submitted by inmates seeking to have medical services rendered to them will, when completed, be made part of the inmate's Detention Center file.

2.  *Physician's Orders:*  All medical treatment forms and orders received from a physician or other health care provider treating an inmate shall be made a part of the inmate's Detention Center file.

3.  *Transportation of Records:*  At any time an inmate is transported to a health care provider, the officer transporting the inmate will cause his Detention Center medical file to be delivered to the health care provider for review.

4.  *Confidentiality of Medical Records:*  All medical records files and other information regarding an inmate's health are to be kept strictly confidential and will not be released without written permission of the inmate, except to authorized providers and staff.

    a.  Only the Sheriff, Chief Deputy, Sheriff, Corrections Administrator, Assistant Corrections Administrator, and Detention Center health care providers are authorized to have access to inmate medical records and the information contained therein.

    b.  Information in medical records is available to authorized staff only on a "need to know" basis.

    c.  Any staff member who becomes aware of specific details of an inmate's health

status will not discuss that inmate's health condition with any relative of the inmate, any member of the public, or any other staff member, except those authorized under #4.a above.

d.    Corrections officers who have an inmate's medical record in their possession for any reason (e.g., transporting the inmate to a medical appointment) are prohibited from reading or otherwise accessing the information contained within the record.

e.    Release of inmate medical records or other health information will follow the procedures outlined in policy Title 11.16.

f.    Inmate medical records will be kept in locked storage with only authorized staff having access to these files.

5.    *Transfer of Records:*  An inmate records or a copy thereof may be transferred with him when he is transported to another facility if the inmate has signed a release of information form.

6.    *Records Retention:*  Medical records will be maintained in active Detention Center files for a period of ten years from the time the inmate is released from the Detention Center.


**By Order of:**

Jay M. Jones, Sheriff
**Effective Date:**        01-01-2000

| Reference Forms: | | |
|---|---|---|
| | 2 | **Booking Sheet** |
| | 8 | **Inmate Request Form** |
| | 11 | **Record of Medical Examination** |
| | 12 | **Medication Log** |
| | 13 | **Medication Refusal Report** |

**LEE COUNTY**
**SHERIFF'S DEPARTMENT**

| | |
|---|---|
| **HEALTH CARE SERVICES** | **SECTION 11** |
| **AIDS Inmates** | **Title 11.14** |

*Policy*

It is the policy of the Lee County Sheriff's Department to identify and make treatment available for those inmates who are determined to be AIDS carriers in a professional and confidential manner and to take precautions in seeking to protect other inmates and members of the Detention Center staff from exposure to the virus.

*Procedure*

A.    *Screening*

1.    Members of the Detention Center staff should be aware of the risk of transmission of the HIV virus when they are exposed to blood, bodily fluids, vaginal secretions, semen, or bodily tissues from a person carrying the virus.  Exposure may also occur when cleaning up vomit or in treating an injury.

2.    An in-depth screening by a licensed physician should take place if, during the initial medical screening during booking, the inmate reveals that he has

    a.    been an intravenous drug user;
    b.    experienced recent weight loss;
    c.    experienced night sweats;
    d.    suffered from chronic diarrhea;
    e.    suffered from swollen lymph nodes;
    f.    experienced extreme fatigue;
    g.    has a persistent fever;
    h.    suffered from recurrent pneumonia; or
    i.    has purple skin lesions present.

3.    Similarly, inmates should receive additional health screening who belong to groups which are at a high risk for HIV infection.  These groups include:

    a.    homosexual and bisexual males;
    b.    intravenous drug users;

c. transfusion recipients;
d. inmates with a history of hepatitis;
e. hemophiliacs;
f. Haitian immigrants; or
g. heterosexuals with a partner in one of the above risk groups.

B.    *Testing*

1. An inmate may request an HIV test if he states that he is an HIV carrier.

2. HIV tests will be made available to members of the Detention Center staff upon request.

3. Inmates sentenced to 90 days or more will be given an HIV test before he is released from the Detention Center.


**By Order of:**

Jay M. Jones, Sheriff
**Effective Date:** _____ 01-01-2000

# LEE COUNTY
# SHERIFF'S DEPARTMENT

| | |
|---|---|
| **HEALTH CARE SERVICES** | **SECTION 11** |
| **Suicide Prevention** | **Title 11.15** |

## Policy

It is the policy of the Lee County Sheriff's Department to utilize all resources available to prevent persons incarcerated in the Lee County Detention Center from committing suicide.

## Procedure

A.    *General*

1.    Members of the Detention Center staff should be cognizant of the following strong indicators that a person may be potentially suicidal:

    a.    recent attempt(s) or history of suicide attempts;
    b.    suicide threats and/or specific plan; or
    c.    writing a suicide note and/or a will.
    d.    displayed feelings of despair, hopelessness, helplessness, depression or exhaustion;
    e.    displayed agitation, tension, or anxiety;
    f.    displayed rage, anger, hostility, or revenge; or

2.    Members of the Detention Center staff should also be aware of secondary indicators of suicidal tendencies such as:

    a.    overly emotional response to incarceration;
    b.    crying or tearful behavior;
    c.    sudden change in behavior;
    d.    experience of a sudden loss of a loved one, job or material possession;
    e.    receipt of unexpected legal or personal news;
    f.    displayed guilt, shame, or embarrassment;
    g.    alcohol and/or drug withdrawal.

3.  Members of the Detention Center staff should be aware that groups at high risk for suicide include:

    a.  first time sexual assault offenders;

    b.  younger inmates who are first time offenders; and

    c.  persons experiencing homophobic reactions (excessive fear of homosexuals and/or homosexual feelings).

4.  When an arrestee is brought to the Lee County Detention Center, the Booking Officer should complete a screening form which includes asking the arrestee if he has a history of suicide attempts.  Positive response and/or unusual behavior should be immediately brought to the attention of the Detention Center supervisor.

5.  Persons giving a positive response when asked about suicide attempts should be referred to a physician and/or appropriate mental health authorities as soon as possible after incarceration.

6.  If, at any time, an inmate is detected to be a suicide risk, proper mental health authorities should be notified immediately and asked to do a face-to-face evaluation of the inmate as soon as possible.  Until such an evaluation is made, members of the Detention Center staff should closely observe the inmate.

7.  Any member of the Detention Center staff recognizing an inmate whose behavior indicates emotional instability should complete an Incident Report describing the behavior of the inmate and forward it to the Shift Supervisor and Chief Deputy Sheriff.

B.  *Housing*

1.  When a person has been determined to be imminent danger to himself, he should be housed, if possible, in a cell with other inmates.  He should be closely monitored by members of the Detention Center staff and, if appropriate, a trusty inmate should be assigned to observe him.

2.  If necessary, an inmate displaying suicidal tendencies may be housed in an administrative segregation cell.  If so, he should be closely monitored by a member of the Detention Center staff and/or, if appropriate, a trusty.  If a trusty is utilized, a member of the

Detention Center staff should observe the inmate's behavior at least once every 15 minutes.

3.  An inmate being housed alone due to the fact that he has been deemed to be a suicide risk should have all plastic cups, glasses, and other items with which he might harm himself removed from his cell. He should be issued only:

   a.   one set of clothing;

   b.   one set of bedding;

   c.   books authorized by the Shift Supervisor;

   d.   hygienic items under supervision only and for only so long as needed to complete hygiene tasks; and

   e.   eye glasses must be given to a member of the Detention Center staff during night lockdown.

4.  No inmate who has been deemed to be a suicide risk may participate in Detention Center programs. They may have access to the commissary for items approved by the Chief Deputy Sheriff and may receive approved books.

5.  Members of the Detention Center staff should document the onset, continuance, and removal of a watch of an inmate who is potentially suicidal. They should notify their Shift Supervisor of their observations in order that arrangements may be made for necessary staffing.

6.  The behavior of all suicidal inmates should be documented on an observation log every 15 minutes or more often if the inmate's behavior indicates more frequent documentation. This documentation should include a summary of activities, observations, changes, or other pertinent information.

7.  Evaluations of the inmate's health and/or recovery progress should be made at the direction of the appropriate mental health care authority.

8.  All directions from the appropriate mental health authority concerning the behavior of a suicidal inmate will be followed by members of the Detention Center staff.

C.     *Training*

All members of the Detention Center staff will, as a part of their regular training program receive training designed to assist in preventing suicides and recognizing behavior incident to inmates susceptible to suicide.

**By Order of:**

Jay M. Jones, Sheriff
**Effective Date:**     01-01-2000

| Reference Forms | 2 | Booking Sheet |
| --- | --- | --- |
| | 10 | Incident Report |
| | 15 | Observation Log |

| HEALTH CARE SERVICES | SECTION 11 |
|---|---|
| Release of Medical Records | Title 11.16 |

*Policy*

It is the policy of the Lee County Sheriff's Department to release medical records for persons incarcerated in the Lee County Detention Center in accordance with state and federal laws.

*Procedure*

1.  No medical records of any type will be released without a written Medical Information Release signed by the inmate.

2.  Only information specifically requested will be released.

3.  Information may also be released when requested by a valid court order.

4.  A signed copy of any Medical Information Release received from an inmate will be placed in the individual's file and become part of his permanent record.

**By Order of:**

Jay M. Jones, Sheriff

**Effective Date:**   01-01-2000

| Reference Form: | 14 | **Consent to Obtain Medical Records** |
|---|---|---|
| | 17 | **Authorization for Release of Information** |

**SHERIFF'S DEPARTMENT**

| | |
|---|---|
| **HEALTH CARE SERVICES** | **SECTION 11** |
| <u>Inmate Co-Payment for Medical Services</u> | **Title 11.17** |

*Policy*

Sick call is conducted on a scheduled basis by a registered nurse and is available to all inmates. All inmates are required to pay a fee for non-emergency treatment. Inmates will not be denied medical treatment. When an inmate has insufficient funds in his/her trust account to pay for the assessed fee(s), a lien in the amount of the fee(s) will be placed on the inmate's trust account against future monies which may be received.

*Procedure*

1.  Costs for non-emergency treatment will be charged to the inmate as follows:

    | | | | |
    |---|---|---|---|
    | Sick-Call visit | $10.00 | Dentist visit | $10.00 |
    | Physician visit | $10.00 | Prescription fee | $ 5.00 |
    | Non-reimbursed laboratory fee | $ 5.00 | | |

2.  At the conclusion of each sick-call visit, the nurse will complete a charge slip, the inmate will sign the slip and receive a copy.

3.  The remaining Medical Charge Forms are given to the booking officer on duty when sick call is completed.

4.  The booking officer submits one copy of the Medical Charge Form to the Commissary Clerk for payment from the inmate account.

5.  One copy of the Medical Charge Form is placed in the inmate's medical file.

6.  Payment for medical treatments will be payable to the Lee County Commission.

**By Order of:**

Jay M. Jones, Sheriff
**Effective Date:** 01-01-2000
**Reference Form:** 33    Medical Charge Slip
33        34    Medical charge Acknowledgment Form

**Exhibit 11**
**Lee County Sheriff's Office Policy and Procedure**
**Manual for the Operation of the Lee County Detention**
**Center Section 14 "Inmate Rights," Title 14.04**
**"Inmate Requests and Grievances"**

| INMATE RIGHTS | SECTION 14 |
|---|---|
| Inmate Requests and Grievances | Title 14.04 |

## Policy

It is the policy of the Lee County Sheriff's Department that members of the Detention Center staff receive and answer any written grievances or requests made by inmates to the Sheriff, Chief Deputy Sheriff, or Detention Center personnel.

## Procedure

A.    *Requests*

1.    Requests for medical attention, telephone calls, or other matters must be made in writing on an Inmate Request Form.

2.    An exception exists for requests of an emergency nature which will be handled immediately without a written request.

3.    All requests will be routed to the Chief Deputy Sheriff and, if necessary, forwarded by him to the proper authority.

4.    Inmates housed in the Lee County Detention Center will be furnished with Inmate Request Forms for the purpose of stating their requests or grievances in writing.

5.    Detention Center personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate.

B.    *Grievances*

1.    Inmates are encouraged to informally resolve grievances between themselves and members of the staff when possible.  If this is not possible, the inmate may complete a request form stating his grievance.

2.    The staff member receiving the Inmate Request Form must sign it, date it, and note the

time of day it is received.

3.   If possible, the member of the Detention Center staff receiving a grievance should answer it but, if he cannot do so, it should be forwarded to the Chief Deputy Sheriff for further action.

4.   The staff member answering the grievance must decide if a staff member or inmate has acted improperly, if an inmate's rights were violated, if privileges were unjustly denied, of if a crime was committed.  After reviewing the grievance, he must write his response on the Inmate Request Form, giving findings which substantiate or disprove the complaint and, if applicable, a remedy.  This person must also sign, date, and note the time of his response on the request form.

5.   After the above process is completed, a copy of the request form containing the response is made and delivered to the inmate.  This should be done within 72 hours of the time the grievance is received, excluding weekends and holidays.

6.   Grievances should be first answered by the appropriate staff member at the lowest level in the chain of command.

7.   If an inmate is dissatisfied with the response he receives, he may appeal, in writing, to the next higher level in the chain of command of the Sheriff's Department.

8.   The original copy of the inmate's grievance, containing the response by Detention Center officials, shall be placed in the inmate's Detention Center file.

9.   No negative sanction may be taken against any inmate for filing a grievance.

**By Order of:**

Jay M. Jones, Sheriff
**Effective Date:** ___01-01-2000___

**Reference Forms:**     8     **Inmate Request Form**

**Exhibit 12**
**Lee County Sheriff's Office Medical Screening Form**
**dated October 3, 2007**

10/03/2007    02:31:47    LEE COUNTY SHERIFF'S OFFICE                    PAGE 1
                          MEDICAL SCREENING FORM
==================================================================================
Booking No: 070002256  Date: 05/04/2007  Time: 16:02  Type: NORMAL
Agency to Bill: AUBURN PD                  Facility: COUNTY JAIL

Inmate Name: TODD IRA CASEY                Race: B          Sex: M
       DOB: 05/28/1964 Age: 43  SSN: 419 94 7139  Height: 5'11"  Weight: 180
----------------------------------------------------------------------------------

_____  1.  Is inmate unconscious?

_____  2.  Does inmate have any visible signs of trauma, illness, obvious pain
            and bleeding, requiring immediate emergency or doctor's care?

_____  3.  Is there obvious fever, swollen lymph nodes, jaundice or other
            evidence of infection that might spread through the facility?

_____  4.  Any signs of poor skin condition, vermin, rashes or needle marks?

_____  5.  Does inmate appear to be under the influence of drugs or alcohol?

_____  6.  Any visible signs of alcohol or drug withdrawal?

_____  7.  Does inmate's behavior suggest the risk of suicide or assault?

_____  8.  Is inmate carrying any medication?

_____  9.  Does the inmate have any physical deformities?

_____ 10.  Does inmate appear to have psychiatric problems?

       11.  Do you have or have you ever had or has anyone in your family
            ever had any of the following?

       __Y__ a. Allergies     __N__ f. Fainting Spells    _____ k. Seizures

       __N__ b. Arthritis      __N__ g. Hearing Condition  _____ l. Tuberculosis

       __N__ c. Asthma         __N__ h. Hepatitis          _____ m. Ulcers

       __N__ d. Diabetes       __N__ i. High Blood Pressure _____ n. Venereal Disease

       __N__ e. Epilepsy       __N__ j. Psychiatric Disorder _____ o. Other (Specify)


Other:   _____

         _____

         _____


       12.  For females only:

            _____ a. Are you pregnant?

            _____ b. Do you take birth control pills?

            _____ c. Have you recently delivered?

10/03/2007      02:31:47      MEDICAL SCREENING FORM                      PAGE 2

LEE COUNTY SHERIFF'S OFFICE

========================================================================
Booking No: 070002256  Date: 05/04/2007  Time: 16:02  Type: NORMAL
Agency to Bill: AUBURN PD                        Facility: COUNTY JAIL
------------------------------------------------------------------------
Inmate Name: TODD IRA CASEY                      Race: B          Sex: M
     DOB: 05/28/1964 Age:  43  SSN: 419 94 7139  Height: 5'11"  Weight: 180
------------------------------------------------------------------------

_N_  13.  Have you recently been hospitalized or treated by a doctor?

_N_  14.  Do you currently take any non-prescription medication or medication
          prescribed by a doctor?

_N_  15.  Are you allergic to any medication?

_N_  16.  Do you have any handicaps or conditions that limit activity?

_N/N_ 17.  Have you ever attempted suicide or are you thinking about it now?

_N_  18.  Do you regularly use alcohol or street drugs?

_N_  19.  Do you have any problems when you stop drinking or using drugs?

_N_  20.  Do you have a special diet prescribed by a physician?

_Y/N_ 21.  Do you have any problems or pain with your teeth?

_N_  22.  Do you have any other medical problems we should know about?

          21. Cavity

I HAVE READ THE ABOVE ACCOUNTING OF MY MEDICAL ASSESSMENT AND I FIND IT TO BE
TRUE AND ACCURATE.

INMATE:                                DATE:_____  TIME:_____

BOOK OFFICER:                          DATE:_____  TIME:_____

**Exhibit 12A**
**Lee County Detention Center Inmate Request Slip**
**dated June 16, 2006**

# ~~ee County Detention Cent~~

## INMATE REQUEST SLIP

**LOCATION** D 6

Name _IRA TODD_     Date _1-16-06_

☐ Telephone Call     ☐ Doctor     ☒ Dentist     ☐ Time Sheet

☐ Special Visit     ☐ Personal Problem     ☐ Other

Briefly Outline Your Request. **Give To Jailer**

I NEED to HAVE A tooth PULLED FOR NOW I NEED Something FOR PAIN

Do Not Write Below This Line - For Reply Only

6/16/06 Tylenol & oragel given the dental NO Charts

Approved _____ Denied _____ Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant     ☐ Chief Deputy     ☐ Sheriff

Date _____     Time Received _____

CORRECTION OFFICER _____

FORM: LCS-03B (6/99)

**Exhibit 13**
**Lee County Detention Center Inmate Request Slip**
**dated June 17, 2006**

Lee County Detention Center

# INMATE REQUEST SLIP

D 6
**LOCATION**

Name _____ TODD _____ Date 6-17-06

☐ Telephone Call   ☐ Doctor   ☒ Dentist   ☐ Time Sheet

☐ Special Visit   ☐ Personal Problem   ☐ Other

Briefly Outline Your Request.  <u>Give To Jailer</u>

I NEED A tooth Pulled
Now I something for
Pain

Thank you

<u>Do Not Write Below This Line</u> - For Reply Only

6/17/06 ...

Approved _____ Denied _____ Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

☐ Lieutenant   ☐ Chief Deputy   ☐ Sheriff

Date _____ Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038  (6/99)

**Exhibit 14**
**Lee County Detention Center Inmate Request Slip**
**dated June 23, 2006**

Lee County Detention Center

# INMATE REQUEST SLIP

Name _I TODD_    Date _6 23 06_    **LOCATION** _D C_

☐ Telephone Call    ☐ Doctor    ☒ Dentist    ☐ Time Sheet

☐ Special Visit    ☐ Personal Problem    ☐ Other

Briefly Outline Your Request.  Give To Jailer

_I NEED SOME OREL JEL_

_ThANKS_

Do Not Write Below This Line - For Reply Only

_6/23/06  2 packs  around_

_Nurse_

Approved _____  Denied _____  Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant    ☐ Chief Deputy    ☐ Sheriff

Date _____  Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038  (6/99)

**Exhibit 15**
**Lee County Detention Center Inmate Request Slip**
**dated June 26, 2006**

Lee County Detention Center
# INMATE REQUEST SLIP

Name _T. TODD_                          Date _6-26_

LOCATION _D 6_

☐ Telephone Call        ☐ Doctor          ☒ Dentist          ☐ Time Sheet

☐ Special Visit         ☐ Personal Problem            ☐ Other

Briefly Outline Your Request.  Give To Jailer

I NEEd Some thing
For Pain And orel gel

Do Not Write Below This Line - For Reply Only

6/27/06 Tylenol + oragel given
Nurse Griffen

Approved _____  Denied _____  Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

☐ Lieutenant          ☐ Chief Deputy          ☐ Sheriff

Date _____  Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038  (6/99)

**Exhibit 16**
**Lee County Detention Center Inmate Request Slip**
**dated July 8, 2006**

Lee County Detention Center

# INMATE REQUEST SLIP

Name _T TODD_     Date _7-8-06_

LOCATION _D-3_

☐ Telephone Call    ☐ Doctor    ☒ Dentist    ☐ Time Sheet

☐ Special Visit    ☐ Personal Problem    ☐ Other

Briefly Outline Your Request.  <u>Give To Jailer</u>

_I NEED SOME ORAl GEl_

<u>Do Not Write Below This Line</u> - For Reply Only

_7/9/06  sent_

_Nurse Griffith_

Approved _____ Denied _____ Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant        ☐ Chief Deputy        ☐ Sheriff

Date _____ Time Received _____

CORRECTION OFFICER _____

FORM: LCS-03B (6/99)

**Exhibit 17**
**Lee County Detention Center Inmate Request Slip**
**dated January 11, 2007**

Lee County Detention Cent

# INMATE REQUEST SLIP

D-4

**LOCATION**

Name _ITA TODD_         Date _1-11-0?_

- [ ] Telephone Call
- [ ] Doctor
- [x] Dentist
- [ ] Time Sheet
- [ ] Special Visit
- [ ] Personal Problem
- [ ] Other

Briefly Outline Your Request.  <u>Give To Jailer</u>

_I have Four tooth thats loose and ache very bad. I was put on the list over two months ago to have one pulled and I have not been called yet. I need something for pain now._

<u>Do Not Write Below This Line</u> - For Reply Only

_1/11/07 place back on dintol list 2nd round all 1st time will go by you. you that's problue Bryl g[...]_

Approved _____   Denied _____   Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

- [ ] Lieutenant
- [ ] Chief Deputy
- [ ] Sheriff

Date _____   Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038  (6/99)

**Exhibit 18**
**Lee County Detention Center Inmate Request Slip**
**dated January 12, 2007**

Lee County Detention Center
# INMATE REQUEST SLIP

Name Todd, Iva    Date 1 1207    LOCATION

- [ ] Telephone Call
- [ ] Doctor
- [ ] Dentist
- [ ] Time Sheet
- [ ] Special Visit
- [ ] Personal Problem
- [ ] Other

Briefly Outline Your Request.  Give To Jailer

do Toothache

Do Not Write Below This Line - For Reply Only

Put on Dental List
1 2 07  0940
Tylenol + Motrin given
stuffed

Approved _____    Denied _____    Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

- [ ] Lieutenant
- [ ] Chief Deputy
- [ ] Sheriff

Date _____    Time Received _____

CORRECTION OFFICER _____

FORM LCS-038 (5/90)

**Exhibit 19**
**Lee County Detention Center Inmate Request Slip**
**dated January 16, 2007**

## Lee County Detention Center
# INMATE REQUEST SLIP

Name _TEA TODD_                    Date _1/16/07_     **LOCATION** D-4

- [ ] Telephone Call      [ ] Doctor         [ ] Dentist      [ ] Time Sheet
- [ ] Special Visit       [ ] Personal Problem          [ ] Other

Briefly Outline Your Request.  <u>Give To Jailer</u>

*I NEED SOMEthing FOR PAIN Toothache*

Do Not Write Below This Line. For Reply Only

1/16/07 OPPA Tylenol 500mg x 2 admin ~ B.Clifford

Approved _____ Denied _____ Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

[ ] Lieutenant         [ ] Chief Deputy         [ ] Sheriff

Date _____ Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038  (6/99)

**Exhibit 20**
**Lee County Sheriff's Department Record of Medical**
**Examination Form dated February 2, 2007**

# LEE COUNTY SHERIFF'S DEPARTMENT
## RECORD OF MEDICAL EXAMINATION
### (FORM #11)

D-4

PART 1:        To be completed by Corrections Staff.  (Please print clearly)

1.  Inmate's name: _Todd, Ira_

2.  Date: _2/3/07_

3.  Time: _0800_

4.  Reason treatment was needed: _Dental exam + Txp._

5.  Did Inmate request treatment? _Yes_ (If yes, place request form in Inmate's file if in writing)

6.  Was inmate transported from the jail? _Yes_

7.  If yes, to what location? _D. Botts Dental ass._

8.  Was inmate treated at the jail? _Yes_

9.  Who examined the inmate? _Medical_

10. Corrections Officer's name: _____ Signature: _____

PART 2:        To be completed by person examining inmate. (Please print clearly)

1.  Type of treatment/ examination: _Extraction #31_

2.  Prognosis: _good_

3.  Is additional treatment needed? _no_ If so, please specify if other than medication:

4.  Medication prescribed: _Lortab 7.5 x 6_

5.  Special instructions for administration: _as directed_

6.  Other special instructions (restrictions of diet, activity, work, etc; observation orders; other):

_____

Health Care Provider (Please print and give title, Re. M.D., R.N., D.D.S., etc.)

_2-2-07_          _8:00_          _____
Date             Time            Signature

**Exhibit 21**
**Prescription for Ira Todd dated February 2, 2007**

121-20th ST.    (334) 745-5756  OPELIKA. ALA. 36801

RECEIPT

Rx 720643         Dr DR C ARTHUR STEINEKER
IRA TODD---LCSO                        02/02/2007
LEE CO JAIL
Drug: HYDROCOD/APAP 7.5/500MG TAB QT   Qty: 6
NDC: 00603-3882-32   Mfg: QUALITEST
Price                    $7.00
**Charged to LEE COUNTY SHERIFF DEPT   #217182**

**HIPAA SIGNATURE NOT ON FILE**

Signature:

4000001728090

**Exhibit 22**
**Lee County Sheriff's Office Medication Sheet-**
**Administration Record for Ira Todd**
**dated February, 2007**

# MEDICATION SHEET - ADMINISTRATION RECORD

| MEDICATIONS | HOUR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Lortab 7.5 mg #6 - 2000 | 0800 | prn | | | | | | | | | | | Completed | | | | | | | | | | | | | | | | | | | |
| 2/3/07 | 2/01 | prn | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Salt for gargle x1  2/4/07 | 2100 | B | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

| | 1 | 1 | 2 | 2 | 3 | 3 | 4 | 4 | 5 | 5 | 6 | 6 | 7 | 7 | 8 | 8 | 9 | 9 | 10 | 10 | 11 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AM | | | | | | | | | | | | | | | | | | | | | | | |
| PM | | | | | | | | | 16 | 16 | 17 | 17 | 18 | 19 | 19 | 20 | 20 | 21 | 22 | | | |
| | 12 | 12 | 13 | 13 | 14 | 14 | 15 | 15 | | | | | | | | | | | | | | |
| AM | | | | | | | | | | | | | | | | | | | | | | |
| PM | | | | | | | | | | | | | | | | | | | | | | |
| | 23 | 23 | 24 | 24 | 25 | 25 | 26 | 26 | 27 | 27 | 28 | 28 | 29 | 29 | 30 | 30 | 31 | 31 | | | | |
| AM | | | | | | | | | | | | | | | | | | | | | | |
| PM | | | | | | | | | | | | | | | | | | | | | | |

THROUGH _____    Medical Record

CHARTING FOR _____    Telephone No. _____

Physician _____    Alt. Telephone _____

Alt. Physician _____    Rehabilitative Potential

Allergies _____

| Diagnosis | | | Approved By Doctor: | | Title: | Date 2/3/ |
|---|---|---|---|---|---|---|
| Medicaid Number | Medicare Number | | By: | | | Admission Date |
| | | | D.O.B. | Sex | Room # D-4 | Patient Code |

RESIDENT _____

**Exhibit 23**
**Lee County Detention Center Inmate Request Slip**
**dated February 10, 2007**

## Lee County Detention Center
# INMATE REQUEST SLIP

D-4
**LOCATION**

Name _IRA TODD_    Date _2-10-07_

☐ Telephone Call    ☐ Doctor    ☑ Dentist    ☐ Time Sheet
☐ Special Visit    ☐ Personal Problem    ☐ Other

---

Briefly Outline Your Request.  <u>Give To Jailer</u>

I have a tooth need
to be pulled    Thank you

---

<u>Do Not Write Below This Line</u> - For Reply Only

OC        2/13/07

Nurse Lewis

---

Approved _____ Denied _____ Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

☐ Lieutenant        ☐ Chief Deputy        ☐ Sheriff

Date _____ Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038  (6/99)

**Exhibit 24**
**Lee County Detention Center Inmate Request Slip**
**dated February 24, 2007**

Lee County Detention Center

# INMATE REQUEST SLIP

**LOCATION** D-4

Name _____ ZRA TODD _____ Date 2-24-07

☐ Telephone Call   ☐ Doctor   ☐ Dentist   ☐ Time Sheet
☐ Special Visit   ☐ Personal Problem   ☐ Other

Briefly Outline Your Request. <u>Give To Jailer</u>

I NEED A TOOTH
PULLED BAD

ThANK YOU

<u>Do Not Write Below This Line</u> - For Reply Only

2/25/07 you saw our Dentist
on 2/8/07 He said No
additional Treatment Needed
own as Just be A "2nd
go Resop" Nurse Stewart

Approved _____   Denied _____   Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

☐ Lieutenant   ☐ Chief Deputy   ☐ Sheriff

Date _____   Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038  (6/99)

☐ **PLEASE CHECK IF INMATE IS INDIGENT TO PAY THE ABOVE CHARGES.**

☐ **PLEASE CHECK IF INMATE IS ABLE TO PAY THE ABOVE CHARGES.**

MEDICAL FILE

FORM: LCS-DC33 (9/02)

**Exhibit 25**
**Lee County Detention Center Inmate Request Slip**
**dated (in response) June 3, 2007**

NURSE

_____e County Detention Center

# INMATE REQUEST SLIP

4/4
**LOCATION**

Name IRA TODD

Date _____

☐ Telephone Call     ☐ Doctor     ☒ Dentist     ☐ Time Sheet

☐ Special Visit     ☐ Personal Problem     ☐ Other

Briefly Outline Your Request.  Give To Jailer

I NEed SOME ORAl JEl FOR A tooth ACHE THANKYOU

Do Not Write Below This Line - For Reply Only

6/3/07   Orel gwin

Nurse Stewart

Approved _____ Denied _____ Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant     ☐ Chief Deputy     ☐ Sheriff

Date _____     Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038  (6/99)

**Exhibit 26**
**Lee County Detention Center Inmate Request Slip**
**dated June 16, 2007**

NURSE                                    NURSE

_ee County Detention Center

# INMATE REQUEST SLIP

LOCATION 4/4

Name _IRA TODD_                          Date 06-16-07

☐ Telephone Call     ☐ Doctor          ☐ Dentist       ☐ Time Sheet

☐ Special Visit      ☐ Personal Problem               ☐ Other

Briefly Outline Your Request.  <u>Give To Jailer</u>

I NEED SOMEthing for
A tooth Ache My Gum is swelling
CAN you PLEASE Put ME ON the
Dentist list to have ONE Pulled
Pleass
          ThaNk you

<u>Do Not Write Below This Line</u> - For Reply Only

6/17/07   Oral Surg flap
On list   # 24

                    Nurse Stemy

Approved _____ Denied _____ Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

☐ Lieutenant        ☐ Chief Deputy              ☐ Sheriff

Date _____ Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038  (6/99)

**Exhibit 27**
**Lee County Detention Center Inmate Request Slip**
**dated October 12, 2007**

NURSE

## Lee County Detention Center
# INMATE REQUEST SLIP

307
**LOCATION**

Name  IRA  TODD  Date 10-12-07

☐ Telephone Call     ☐ Doctor         ☐ Dentist      ☐ Time Sheet

☐ Special Visit      ☐ Personal Problem    ☐ Other

Briefly Outline Your Request.  Give To Jailer

I NEEd SOME tooth
PUlled SooN AS POS-

Thank you

Do Not Write Below This Line - For Reply Only

10/16/07

You are on the dentist list

Nurse Fears

Approved _____ Denied _____ Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant          ☐ Chief Deputy        ☐ Sheriff

Date _____     Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038  (6/99)

**Exhibit 28**
**Lee County Detention Center Inmate Request Slip**
**dated October 13, 2007**

NURSE                    NURSE

## Lee County Detention Center
# IN ATE REQUEST SLIP

307
**LOCATION**

Name _IZA TODD_____   Date _10-13-07_

☐ Telephone Call      ☐ Doctor         ☐ Dentist        ☐ Time Sheet

☐ Special Visit       ☐ Personal Problem          ☐ Other

Briefly Outline Your Request.   <u>Give To Jailer</u>

I NEED SOME TEETH PULLED
BAD AND I NEED SomeThing
For Pain Too PLEASE

                    Thank you

Do Not Write Below This Line - For Reply Only

10/15/07 Tylenol + Orogel given. you
have been placed back on the
dental list again.

Approved _____   Denied _____   Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

☐ Lieutenant        ☐ Chief Deputy        ☐ Sheriff

Date _____   Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038 (6/99)

**Exhibit 29**
**Lee County Detention Center Inmate Request Slip**
**dated October 20, 2007**

NUTES

Lee County Detention Center

NUTES

# INMATE REQUEST SLIP

307

LOCATION

Name IRA TODD          Date 10-20-07

☐ Telephone Call      ☐ Doctor         ☐ Dentist      ☐ Time Sheet

☐ Special Visit       ☐ Personal Problem           ☐ Other

Briefly Outline Your Request.  Give To Jailer

I NEED SOME thing FOR PAIN
My mouth hurts

Thank You

Do Not Write Below This Line - For Reply Only

10/23/07 — Tx Sent

Nurse Stewar

Approved _____ Denied _____ Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant        ☐ Chief Deputy              ☐ Sheriff

Date _____ Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038  (6/99)

**Exhibit 30**
**Lee County Detention Center Inmate Request Slip**
**dated October 29, 2007**

*NURSE* ⬤ Lee County Detention Center ⬤ *NURSE*

# INMATE REQUEST SLIP

*707*
**LOCATION**

Name *RBA TODD*                    Date *10-29-07*

☐ Telephone Call      ☐ Doctor           ☐ Dentist      ☐ Time Sheet

☐ Special Visit       ☐ Personal Problem                ☐ Other

Briefly Outline Your Request. <u>Give To Jailer</u>

*I NEED SOME thing FOR PAIN
AN to have SOME tooth Pulled*

*✗ place on Dental list ✗*

Do Not Write Below This Line - For Reply Only

*Tylenol + Oragel given
Nurse Griffin*

Approved _____ Denied _____ Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant        ☐ Chief Deputy              ☐ Sheriff

Date _____        Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038  (6/99)

**Exhibit 31**
**Lee County Detention Center Inmate Request Slip**
**dated November 3, 2007**

*NURSE*                  *NURSE*

## Lee County Detention Center
## INMATE REQUEST SLIP

307
**LOCATION**

Name _IDA TODD_          Date _11-03-07_

☐ Telephone Call    ☐ Doctor         ☐ Dentist      ☐ Time Sheet

☐ Special Visit     ☐ Personal Problem            ☐ Other

Briefly Outline Your Request.  Give To Jailer

_I Still Got A Bit of Pain iN_
_My Chest and BACK And AlSo_
_Need Some thing for My_
_mouth My tooth is hurting_

Do Not Write Below This Line - For Reply Only

_11/5/07 Saw m. today_

_Nurse Stewart_

Approved _____ Denied _____ Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant       ☐ Chief Deputy          ☐ Sheriff

Date _____        Time Received _____

CORRECTION OFFICER _____

FORM: LCS-07

**Exhibit 32**
**Lee County Detention Center Inmate Request Slip**
**dated November 9, 2007**

ee County Detention Center
# INMATE REQUEST SLIP

LOCATION 307

Name _ZZA TODD_  Date _11-09-07_

☐ Telephone Call    ☐ Doctor    ☐ Dentist    ☐ Time Sheet

☐ Special Visit    ☐ Personal Problem    ☐ Other

Briefly Outline Your Request. Give To Jailer

I NEED to go to the DENTIST to hAvE
SOME tEEth PullED BAd ANd Now
I NEED SOME thiNg FoR PAiN
thEy huRt REAl BAd
        ThANk yoU

Do Not Write Below This Line - For Reply Only

11/10/07  I Undeostand You
Need But you Need To
Undistad ou You are
on Dental, Jus whin
Your Nme com up You
will go to TR d oge gui

Approved _____  Denied _____  Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed. _____

☐ Lieutenant    ☐ Chief Deputy    ☐ Sheriff

Date _____  Time Received _____

CORRECTION OFFICER _____

FORM LCS-038 (6/99)

**Exhibit 33**
**Lee County Detention Center Inmate Request Slip**
**dated November 22, 2007**

*Dentist*   *Nurse*

*Nurse*   e County Detention Center   *NURSE*

# INMATE REQUEST SLIP

307

**LOCATION**

Name _ELZA TODD_   Date _11-22-07_

☐ Telephone Call   ☐ Doctor   ☐ Dentist   ☐ Time Sheet

☐ Special Visit   ☐ Personal Problem   ☐ Other

Briefly Outline Your Request. <u>Give To Jailer</u>

I NEED SOME thing for
PAIN PlEase My Mouth Hurt from
NEED to have teeth Pulled Thank you

<u>Do Not Write Below This Line</u> - For Reply Only

11/23/07 you are on our
Dental List When your
name come up you'll go
to Tyler or g

Nurse Stemly

Approved _____   Denied _____   Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

☐ Lieutenant   ☐ Chief Deputy   ☑ Sheriff

Date _____   Time Received _____

CORRECTION OFFICER _____

FORM: LCS-036 (6/03)

**Exhibit 34**
**Lee County Sheriff's Department Record of Medical**
**Examination for Ira Todd dated December 7, 2007**

LEE COUNTY SHERIFF'S DEPARTMENT
**RECORD OF MEDICAL EXAMINATION**

PART 1    To be completed by Corrections Staff (please print clearly)

1. Inmate's Name: _Todd, Ilra_

2. Date of Examination: _12/07/07_

3. Time of Examination: _0730_

4. Reason treatment was needed: _Dental exam & Tx._

5. Did Inmate request treatment? ✓Yes ___No (If yes, place request form in Inmate's file)

6. Was inmate transported from the jail? ✓Yes ___No

7. If yes, to what location? _Auburn Dental_

8. Was inmate treated at the jail? ✓Yes ___No

9. Who examined the inmate? _Medical_

10. Corrections Staff Signature and title: _Stewart Group_

PART 2    To be completed by person examining inmate (Please print clearly)

1. Type of treatment/examination: _12 teeth extraction_  #24,25,26,27, #28,29,14  #4,5,6,7,8

2. Prognosis: _Pt. did very well_

3. Is additional treatment needed? ✓Yes ___No If so, please specify if other than medication: _other lft side extraction._

Medication prescribed: _Rx- dental (12 tabs) 7.5/500 mg._

_Rx- Amoxicillin 500 mg disp (21 tabs)_

Special instructions for administration: _Warm Salt water rinses_

Other special instructions (restrictions of diet, activity, work, etc; observations orders; other): _____

Date: _2/7/07_    Time: _9:21._    Health Care Provider Signature/ Title: _S— K— D. DDt_

**Exhibit 35**
**Lee County Sheriff's Office Medication Sheet-**
**Administration Record for Ira Todd**
**dated December, 2007**

# MEDICATION SHEET - ADMINISTRATION RECORD

TODD, ORA
REPORT DATE   12/07

| MEDICATIONS | HOUR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RANITIDINE 150 MG T R 01 GENERIC FOR ZANTAC 150MG MCFARLAND, JOHN TAKE ONE TABLET BY MOUTH TWICE DAILY | 0800 | | | | | | | | | | | | | 12/4/07 | | | | | | | | | | | | | | | | | | |
|  | 2100 | | | | | | | | | | | | Med not working | | | | | | | | | | | | | | | | | | |
| Naprosyn 500 mg BID X 2 weeks 12/4/07 | 0800 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|  | 2100 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Lortab 7.5 m #12 T40 12/7/07 | 0800 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|  | 2100 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 500 m 12/7/07 | 0800 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|  | 2100 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| AM | | | | | | | | | | | |
| PM | | | | | | | | | | | |
| | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| AM | | | | | | | | | | | |
| PM | | | | | | | | | | | |
| | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | | |
| AM | | | | | | | | | | | |
| PM | | | | | | | | | | | |

| CHARTING FOR | 12/01/07 | THROUGH | 12/31/07 | PAGE 1 OF 1 | Telephone No. | 334-705-1154 | Medical Record No. |
|---|---|---|---|---|---|---|---|
| Physician | MCFARLAND, JOHN | | | | Alt. Telephone | 334-705-1154 | 431400 |
| Alt. Physician | MCFARLAND, JOHN | | | | Rehabilitative Potential | | |
| Allergies | | | | | | | |

| Diagnosis | | | | | |
|---|---|---|---|---|---|
| Medicaid Number | Medicare Number | Approved By Doctor: By: | Title: | Date: 12/1/07 | |
| | | D.O.B. | Sex | Room # 307 | Patient Code TODDO | Admission Date 11/02/07 |
| RESIDENT | TODD, ORA | | | | | |

**Exhibit 36**
**Lee County Detention Center Inmate Request Slip**
**(undated)**

Lee County Detention Center
# INMATE REQUEST SLIP

307

**LOCATION**

Name _Todd Iva_____ Date _____

☐ Telephone Call        ☐ Doctor          ☐ Dentist        ☐ Time Sheet

☐ Special Visit          ☐ Personal Problem      ☑ Other

Briefly Outline Your Request.  <u>Give To Jailer</u>

_Dental Problems_

Do Not Write Below This Line - For Reply Only

_I/M needs soft_
_diet. Had several_
_teeth pulled_          _Nurse Fears_

Approved _____ Denied _____ Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

☐ Lieutenant            ☐ Chief Deputy            ☐ Sheriff

Date _____        Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038  (6/99)

**Exhibit 37**
**Lee County Detention Center Inmate Request Slip**
**dated December 21, 2007**

NURSE

# Lee County Detention Center     NURSE

## INMATE REQUEST SLIP

30?
**LOCATION**

Name _PPA TODD_          Date _12-21-07_

☐ Telephone Call      ☐ Doctor        ☐ Dentist      ☐ Time Sheet

☐ Special Visit       ☐ Personal Problem          ☐ Other

Briefly Outline Your Request.  <u>Give To Jailer</u>

I NEED SOMEthing For PAin
And its hard For ME to ChEW
ALSO I NEED AtLEASt two MorE
teeth PULLEd PLEASE Miss. Stewar

<u>Do Not Write Below This Line</u> - For Reply Only

12/26/07  ii TP  Sent  plea
On Dental  List after  all
1st time  go

Nurse Stewart

Approved _____  Denied _____  Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant      ☐ Chief Deputy          ☐ Sheriff

Date _____  Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038  (6/99)

**Exhibit 38**
**Lee County Detention Center Inmate Request Slip**
**dated December 28, 2007**

# Lee County Detention Center
# INMATE REQUEST SLIP

LOCATION 307

Name _ IRA TODD _ Date _ 12-28-07_

☐ Telephone Call   ☐ Doctor   ☐ Dentist   ☐ Time Sheet

☐ Special Visit   ☐ Personal Problem   ☐ Other

Briefly Outline Your Request. <u>Give To Jailer</u>

LT. JONES WE NEED to have A talk About ME AND the DENTIST the NURSE SAY I don't NEED ANY DENTAl WORK if So you got to get it wHEN YOU get OUt I have SENt HER Numorous REQUEST About this I have NOt gotten ANY OtHER ANSEWER yEt I have SENt YOU 1 bEfoR I have NOt heard ANy thing fRom you this is My SECOND ONE to you

<u>Do Not Write Below This Line</u> - For Reply Only

The Nurse has put you on the dental list but you have to wait until your name comes back up.

Lt Jones

Approved _____ Denied _____ Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant   ☐ Chief Deputy   ☐ Sheriff

Date _____ Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038 (6/99)

**Exhibit 39**
**Lee County Detention Center Inmate Request Slip**
**dated February 6, 2008**

*NURSE*     *NURSE*

## Lee County Detention Center
# INMATE REQUEST SLIP

LOCATION
*203*

Name _*IRA TODD*_     Date *2-6-08*

- [ ] Telephone Call
- [ ] Special Visit
- [ ] Doctor
- [ ] Personal Problem
- [ ] Dentist
- [ ] Time Sheet
- [ ] Other

Briefly Outline Your Request. <u>Give To Jailer</u>

*Could I get something for a tooth*
*Ache and my sinus please*

*Thank you*

<u>Do Not Write Below This Line</u> - For Reply Only

*Scheuled to see*
*Dentist*

Approved _____ Denied _____ Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

- [ ] Lieutenant
- [ ] Chief Deputy
- [ ] Sheriff

Date _____ Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038  (6/99)

**Exhibit 40**
**Lee County Detention Center Inmate Request Slip**
**dated February 8, 2008**

NURSE                                                NURSE

## Lee County Detention Center
# INMATE REQUEST SLIP

LOCATION 203

Name IRA TODD                    Date 2-08-08

☐ Telephone Call      ☐ Doctor          ☐ Dentist       ☐ Time Sheet
☐ Special Visit       ☐ Personal Problem                ☐ Other

Briefly Outline Your Request.  Give To Jailer

I cant Close My Mouth
Enough to Chew My food
Could you send Me A Soft
food Plate Please I have one
tooth in the Back of My Mouth that
is Stoping Me from being Able to Chew I
NEED for you to see it so you will know

Do Not Write Below This Line - For Reply Only What I'm talking About

Saw Dentist on 2-8-08

Nurse Cert

Approved _____  Denied _____  Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

☐ Lieutenant          ☐ Chief Deputy                ☐ Sheriff

Date _____        Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038  (6/99)

**Exhibit 41**
**Lee County Sheriff's Department Record of Medical**
**Examination for Ira Todd dated February 8, 2008**

PART 1        To be completed by Corrections Staff (please print clearly)

1. Inmate's Name: ___IRA___ Todd ___

2. Date of Examination: ___2/8/08___

3. Time of Examination: ___0745___

4. Reason treatment was needed: ___dental exam___

_____

5. Did Inmate request treatment? ✓ Yes ___ No (If yes, place request form in Inmate's file)

6. Was inmate transported from the jail? ✓ Yes ___ No

7. If yes, to what location? ___Auburn Dental___

8. Was inmate treated at the jail? ✓ Yes ___ No

9. Who examined the inmate? ___Dr. Westorland___

10. Corrections Staff Signature and title: ___J. Frans LPN___

_____

PART 2        To be completed by person examining inmate (Please print clearly)

1. Type of treatment/examination: ___Ext # 18, 19, 20, 21, & 22___

2. Prognosis: ___Good___

3. Is additional treatment needed? X Yes ___ No If so, please specify if other than

   medication: ___Needs more extractions___
   ___Infection still present. And Salt for warm salt rinse___

4. Medication prescribed: ___Lortab 7.5 X12___
   ___Amoxicillin 500 X21___

5. Special instructions for administration: _____

6. Other special instructions (restrictions of diet, activity, work, etc; observations orders;

   other): _____

   ___2/8/08___        ___9:00___        ___Bradle Sanlin___
   Date              Time              Health Care Provider Signature/ Title

   noted J. Frans LPN 2/8/08

**Exhibit 42**
**Lee County Sheriff's Office Medication Sheet-**
**Administration Record for Ira Todd**
**dated February, 2008**

| MEDICATIONS | HOUR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Amoxicillin 500mg ĩ Capsule ꝑ in AM and ĩ in PM  1/8/08  #21 | 0800 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | 2100 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Hydrocodone /APAP 7.5/500mg ĩ tab BID  1/8/08  #12 | 0800 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | 2100 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

|  | 1 | 1 | 2 | 2 | 3 | 3 | 4 | 4 | 5 | 5 | 6 | 6 | 7 | 7 | 8 | 8 | 9 | 9 | 10 | 10 | 11 | 11 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AM | | | | | | | | | | | | | | | | | DS | | | | T | |
| PM | | | | | | | | | | | | SP | | | | | | | SP | | | |
|  | 12 | 12 | 13 | 13 | 14 | 14 | 15 | 15 | 16 | 16 | 17 | 17 | 18 | 18 | 19 | 19 | 20 | 20 | 21 | 21 | 22 | 22 |
| AM | | | | | | | | | | | | | | | | | | | | | | |
| PM | | | | SP | | | | | | | | | | | | | | | | | | |
|  | 23 | 23 | 24 | 24 | 25 | 25 | 26 | 26 | 27 | 27 | 28 | 28 | 29 | 29 | 30 | 30 | 31 | 31 | | | | |
| AM | | | | | | | | | | | | | | | | | | | | | | |
| PM | | | | | | | | | | | | | | | | | | | | | | |

CHARTING FOR _____ THROUGH _____

| Physician | McFarland | Telephone No. | | Medical Record No. | |
|---|---|---|---|---|---|
| t. Physician | Dentist | Alt. Telephone | | | |
| lergies | | Rehabilitative Potential | | | |

agnosis

| Medicaid Number | Medicare Number | Approved By Doctor: | | | |
|---|---|---|---|---|---|
| | | By: S. Flaks | Title: LPN | Date: 2/8/08 | |
| RESIDENT  Todd, Ira | | D.O.B. | Sex: | Room # 203A | Patient Code | Admission Date |

**Exhibit 43**
**Lee County Detention Center Inmate Request Slip**
**dated February 9, 2008**

*NURSE*                    *NURSE*

## Lee County Detention Center
## INMATE REQUEST SLIP

Name _Ira Todd_          Date _2-9-08_          LOCATION _203_

☐ Telephone Call    ☐ Doctor    ☐ Dentist    ☐ Time Sheet

☐ Special Visit    ☐ Personal Problem    ☐ Other

Briefly Outline Your Request.  Give To Jailer

I have a tooth in the back
of my mouth that have puchered
a hole in my gum could
you come and look at it please
Thank you

Do Not Write Below This Line - For Reply Only

2/12/08 With Two Dintel
Visit I'm Sure he knows

Nurse Stewart

Approved _____ Denied _____ Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant    ☐ Chief Deputy    ☐ Sheriff

Date _____    Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038 (6/99)

**Exhibit 44**
**Lee County Detention Center Inmate Request Slip**
**dated February 16, 2008**

NURSE      Lee County Detention Center      NURSE

# INMATE REQUEST SLIP

LOCATION: Z06

Name: IRA TODD        Date: 2-16-08

☐ Telephone Call    ☐ Doctor    ☐ Dentist    ☐ Time Sheet

☐ Special Visit    ☐ Personal Problem    ☐ Other

Briefly Outline Your Request.  <u>Give To Jailer</u>

I NEED Some thing For PAIN My Gum hurts Where My tooth is Rubbing +

<u>Do Not Write Below This Line</u> - For Reply Only

2/16/08  Orange Sint

Nurse Stewart

Approved _____  Denied _____  Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant    ☐ Chief Deputy    ☐ Sheriff

Date _____    Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038  (6/99)

**Exhibit 45**
**Lee County Detention Center Inmate Request Slip**
**dated February 17, 2008**

NURSE                NURSE

## Lee County Detention Center
## INMATE REQUEST CLIP

Name _I RA TODD_          Date _2-17-08_

LOCATION _203_

☐ Telephone Call   ☐ Doctor   ☐ Dentist   ☐ Time Sheet
☐ Special Visit   ☐ Personal Problem   ☐ Other

Briefly Outline Your Request. <u>Give To Jailer</u>

_I NEED Some thing For PAIN_
_My Mouth hurts AN ✗✗ still_
_Sore from Where the tooth_
_have Rub the Gum_

<u>Do Not Write Below This Line</u> - For Reply Only

_2/20/08 You get Oragel_
_mon Sun today 2 roundy_
_To Dentist You Have Lep_
_A tablet "17" teeth Salt_
_Sut for Warm rinse_
_nurse_

Approved _____ Denied _____ Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

☐ Lieutenant        ☐ Chief Deputy        ☐ Sheriff

Date _____ Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038 (6/90)

**Exhibit 46**
**Lee County Detention Center Inmate Request Slip**
**dated February 19, 2008**

NURSE

ee County Detention Center

# INMATE REQUEST SLIP

NURSE          206

Name _IRA TODD_                          Date _2-19-08_

☐ Telephone Call     ☐ Doctor          ☐ Dentist        ☐ Time Sheet

☐ Special Visit      ☐ Personal Problem              ☐ Other

Briefly Outline Your Request.  Give To Jailer

My GUM is hurting WHERE
My tooth is Rubbing it its MORE
sore than hurting

Do Not Write Below This Line - For Reply Only

2/23/08  above   Sinda

Nurse Stewart

Approved _____  Denied _____  Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

☐ Lieutenant          ☐ Chief Deputy          ☐ Sheriff

Date _____  Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038  (6/99)

**Exhibit 47**
**Lee County Detention Center Inmate Request Slip**
**dated March 2, 2008**

# Lee County Detention Center
# INMATE REQUEST SLIP

LOCATION 203

Name ___IRA TODD___          Date 2- -08

☐ Telephone Call      ☐ Doctor          ☐ Dentist          ☐ Time Sheet

☐ Special Visit       ☐ Personal Problem ☐ Other

Briefly Outline Your Request.  <u>Give To Jailer</u>

CAN I GET SOME MORE SALT
TO RINSE ~~~~ MY MOUTH WITH
MY GUM IS SORE WHERE
MY TOOTH HAVE PUNCTURED
A HOLE IN IT I NEED SOME
MORE ORAGEL AISO Thank you

<u>Do Not Write Below This Line</u> - For Reply Only

3/3/08

Orajil and Salt given

Nurse Fears

Approved _____  Denied _____  Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant          ☐ Chief Deputy          ☐ Sheriff

Date _____    Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038  (6/99)

**Exhibit 48**
**Doctor's Notes/Health Care Documentation, Lee**
**County Sheriff's Office dated March 25, 2008**

# NOTES

NAME _____Ira Todd_____ SS# _419 94 7139_____

DOB· _____ AGE: _43_ SEX: _M_ RACE _B_

DRUG ALLERGIES: _____ TETNUS: _____

NATURE OF PROBLEM OR REQUEST: _____

_____

_____

I CONSENT TO BE TREATED BY HEALTH STAFF FOR THE CONDITION DESCRIBED

_____
SIGNATURE

HEALTH CARE DOCUMENTATION

5' 11"

SUBJECTIVE:

OBJECTIVE: BP _____ P _____ R _____ T _____ O2 _____ Wt _194#_

ASSESSMENT:

**03-25-08    Lee County Detention Center Ira Todd  (419947139)**
**SUBJECTIVE:** He is unhappy after his dental extractions.  He has had quite a few teeth extracted and just has one tooth left in the right lower quadrant all the way in the back.  That is the only tooth in the lower arch.  He has a tooth in the left posterior and left anterior aspect of the left upper quadrant.  When he bites down there is no opposing teeth so his gums are sore and he has trouble with the mechanics of getting his food chewed and softened.  He appears healthy and seems to have a normal to high weight of 194 for height of 5'11".
**IMPRESSION:**  Dental concerns.
**PLAN:**  Planning to go to the dentist again but the teeth that are there are relatively healthy and others may be on the list with more pressing dental needs.
JM/ld

REFER TO: _____ PA/PHYSICIAN ____ MENTAL HEALTH ____ DENTAL _____

SIGNATURE _____ TITLE ____ DATE 3/25/08 TIME 3-25-08

JOHN H MCFARLAND MD
AMB104894
AL 11404